Christopher M. BAUDER, Plaintiff-Appellant,

v.

DELAVAN-DARIEN SCHOOL DISTRICT and Cincinnati
Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 95–0495. Submitted on briefs October 31, 1996.—Decided
November 27, 1996.*

(Also reported in 558 N.W.2d 881.)

311

On behalf of plaintiff-appellant, the cause was submitted on the briefs of *Steven R. Wassel* of *Wassel, Kilkenny, Danz, Mistrioty & Lettenberger* of Delavan.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Thomas H. Koch* and *Joseph S. Goode* of *Kravit, Gass & Weber, S.C.* of Milwaukee.

Before Anderson, P.J., Brown and Nettesheim, JJ.

BROWN, J. Christopher M. Bauder was injured when a deflated soccer ball struck him in the eye during gym class. The class had been moved inside to a gym because of inclement weather. Bauder sued the Delavan-Darien School District, but the suit was dismissed by summary judgment on grounds of governmental immunity. We affirm because none of

312

the exceptions to governmental immunity apply here. We also affirm the dismissal of a related nuisance claim.

Wisconsin protects political units of state government from lawsuits sounding in negligence where the alleged act does not arise from a ministerial duty imposed in law. Section 893.80(4), STATS., provides:

> No suit may be brought against any . . . political corporation, governmental subdivision or any agency thereof . . . or against its officers, officials, agents or employes for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions.

Quasi-judicial and quasi-legislative acts are synonymous with discretionary acts and governmental officers are entitled to immunity for such acts. *See Scarpaci v. Milwaukee County*, 96 Wis. 2d 663, 682-83, 292 N.W.2d 816, 825-26 (1980). Ministerial acts, on the other hand, are not generally subject to immunity. *C.L. v. Olson*, 143 Wis. 2d 701, 710, 422 N.W.2d 614, 617 (1988). The first issue is whether the physical education teacher's decision to move the class indoors and play soccer with a deflated ball in a gym was a ministerial or discretionary act.

Bauder argues that because the laws of this state require a school district to provide physical education classes to students, the actions of the physical education teacher in carrying out this duty are ministerial. He observes that in carrying out its duty to provide physical education, the legislature has mandated that each school board "[p]rovide safe and healthful facilities." Section 121.02(1)(i), STATS. Bauder

313

claims that this ministerial duty was violated when the teacher created an unsafe and unhealthy situation by placing too many people without eye protection in too small of an area to play soccer with a deflated ball.

We disagree that the teacher's decision was a breach of a ministerial duty. A duty is ministerial "only when it is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." *Sheridan v. City of Janesville*, 164 Wis. 2d 420, 425, 474 N.W.2d 799, 801 (Ct. App. 1991) (quoted source omitted). While the obligation to provide physical education classes is mandated, and thus ministerial, the manner in which those classes are conducted is not specified either by state statute or by the school district under the facts of this case. The teacher made a decision to move the class indoors. He also decided to deflate the ball, hoping to reduce the chance of injury. We hold that the teacher's judgmental decision was a discretionary and not a ministerial act.

There is an exception to the governmental immunity law known as the "known present danger exception." Bauder claims that it applies here. He contends that the teacher's activities gave rise to a known present danger so certain that nothing was left for the teacher's discretion. He cites the teacher's own explanation for why he deflated the ball and why he instructed the students not to hit the ball in the air—to keep the game less dangerous—as proof that the teacher knew the activity to be inherently dangerous to the students. Bauder cites an affidavit provided by his own expert that deflating a ball will actually cause

more susceptibility to eye injuries, not less, and that playing in a gym that is not designed for soccer is also dangerous in and of itself. Bauder concludes that the "known present danger exception" is appropriate here.

The "known present danger exception" gets its genesis from *Cords v. Anderson*, 80 Wis. 2d 525, 259 N.W.2d 672 (1977). There, a park manager had been at the park for a number of years. He knew the park well; he knew the park was open at night; and he knew there was a trail with a sheer drop off which never had a rail and never had a warning sign. The park manager thus was well aware that the trail would be hazardous at night and agreed that he would not want to be on the trail at night. Yet, despite knowing of this dangerous condition, nothing was done to alleviate the danger. The *Cords* court had a very definite opinion about the park manager's nondecision. It wrote that there can be no "policy" to leave "obviously" dangerous conditions alone. *See id.* at 538, 259 N.W.2d at 678. It wrote that "the duty to either place warning signs or advise superiors of the conditions is, on the facts here, a duty *so clear and so absolute* that it falls within the definition of a ministerial duty." *Id.* at 542, 259 N.W.2d at 680 (emphasis added).

What differentiates the exception carved out in *Cords* from the facts in this case is that deflating the ball is not an "obvious" danger to students. While Bauder's expert certainly has an opinion that a deflated ball is dangerous, it is not an opinion that is so clear and so absolute that no reasonable person would think to use a deflated ball. And while a gym is not usually used to play soccer, it is not so clear and absolute, as Bauder claims it to be, that school gyms

315

should be used only for basketball and nothing else. This is not the same kind of case as *Cords*. The "known present danger exception" does not apply.

Bauder contends that one other exception to the immunity doctrine is present. He notes cases holding that even though a governmental officer may have made a discretionary decision, if that discretionary decision is not made in the context of governmental activity, the officer will not be immune from suit.

This exception comes from *Scarpaci*. There, a medical examiner who was employed by Milwaukee county made a discretionary choice to conduct an autopsy of a deceased child, and the parents claimed that he made that decision without authorization from them as required by law. Because he was a county employee at the time of his decision, the doctor claimed that his discretionary choice to conduct the autopsy was protected under governmental immunity. *See Scarpaci*, 96 Wis. 2d at 680, 292 N.W.2d at 824.

But the supreme court disagreed. It held that while the decision to conduct an autopsy is a governmentally-related discretionary decision, the actual performance of the autopsy is a medical procedure, not a governmental choice. Thus, the court held that a doctor employed by an arm of government may not use governmental immunity as a tool to prevent a claim of negligence resulting from the exercise of medical discretion. *Id.* at 686-87, 292 N.W.2d at 827.

Bauder argues that this exception should apply here because even though the teacher may have had governmental discretion concerning how to provide physical education to the students, his actual decision to have his students play soccer indoors with a deflated ball was not an exercise of governmentally-related

316

choice. We could discuss this issue at length, but all we need to say here is that this court has limited the *Scarpaci* exception to cases involving medical discretion. *Stann v. Waukesha County*, 161 Wis. 2d 808, 818, 818 n.3, 468 N.W.2d 775, 779 (Ct. App. 1991). While Bauder believes this court to be wrong and asks us to overrule our case law, this is not the appropriate forum. He may request the supreme court to overrule us.

Bauder finally argues that he has a nuisance claim. He correctly asserts that the immunity statute does not apply to nuisance claims. He incorrectly asserts that he has such a claim. His claim is grounded on the theory that the gymnasium was designed for a ten-person basketball game. Since the gym was not being used for its intended purpose, Bauder contends that the gym was a nuisance at the time of the injury.

A nuisance is a "wrong which may arise from the unreasonable or unlawful use by a person of his own property. [It is] an unreasonable activity or use of property that interferes substantially with the comfortable enjoyment of life, health, safety of another or others." *State v. Quality Egg Farm, Inc.*, 104 Wis. 2d 506, 517, 311 N.W.2d 650, 656 (1981) (quoted source omitted).

Bauder asserts that a question of fact exists as to whether the use of the gym for indoor soccer was unreasonable. But we do not agree that a question of fact exists. The question is not whether a reasonable person in a plaintiff's or a defendant's position would regard the use of property to be unreasonable, but whether reasonable persons generally, looking at the whole situation impartially and objectively, would

consider it unreasonable; and regard must be had, not just for the interests of the person harmed, but also for the actor and for the interests of the community as a whole. *Soukoup v. Republic Steel Corp.*, 66 N.E.2d 334, 341 (Ohio Ct. App. 1946); *see also Abdella v. Smith*, 34 Wis. 2d 393, 398-99, 149 N.W.2d 537, 539-40 (1967).

■ Looking at the question in this light, the trial court gave the succinct answer. The court wrote that "[the facility] is a gym and physical education classes were being conducted in it. This is hardly a nuisance." We could not agree more. It is not unreasonable for the school district and indeed for the community to view a gym as a multipurpose facility for varying sports and aerobic activities. Reasonable persons generally would not seriously debate whether what happened in this case is a "nuisance."

As well, while Bauder's expert opined that the gym was not intended for soccer, the district points out that the expert had no personal knowledge of this. We agree that this is another reason why the nuisance claim fails. We affirm the dismissal of the negligence and nuisance claims.

*By the Court.*—Judgment affirmed.