Desiree Lynn Price, Plaintiff-Appellant,
v.
Boyceville Community School District, Defendant-Respondent.
No. 04-1916.
Court of Appeals of Wisconsin.
March 17, 2005.
Before Dykman, Vergeront and Lundsten, JJ.
¶1 PER CURIAM.
Desiree Lynn Price appeals a judgment dismissing her claims against the Boyceville Community School District. The issue is whether the governmental immunity provision of WIS. STAT. § 893.80(4) (2003-04)[1] bars her claims. We affirm.
¶2 Price was a student at Boyceville High School during the 2000-01 school year, and was on that year's girl's track team. A picture of the track team appeared in a supplement to the 2001 high school yearbook, with team members' names appearing under the picture. During preparation of the supplement, someone replaced Price's name with a vulgar, derogatory phrase. No district employee noticed the change before the supplement was distributed to students. The faculty advisor for the yearbook subsequently testified that he relied on the student editors, and did not closely proofread the supplement before its release. After learning of the problem, the District recalled the supplements. It was disputed how long the District took to initiate the recall, but it was at least ten days after the problem's discovery.
¶3 Price subsequently sued the District, presenting claims that included defamation and negligent infliction of emotional distress. She alleged that the District negligently failed to identify and remove the defamation before publication, and negligently delayed its decision to recall the offending supplement.
¶4 The District subsequently moved for summary judgment. This appeal results from the trial court's determination, on summary judgment, that governmental immunity bars this action.
¶5 WISCONSIN STAT. § 893.80(4) provides that governmental entities in Wisconsin are immune from liability for acts done in the exercise of legislative, quasi-legislative, judicial, or quasi-judicial functions. Such functions are equivalent to discretionary acts. See Caraher v. City of Menomonie, 2002 WI App 184, ¶18, 256 Wis. 2d 605, 649 N.W.2d 344. Such acts require an exercise of judgment in determining what policies or rules to apply, and how to apply them to specific facts. Id. Liability therefore extends only to those acts deemed ministerial, which are those where the duty is "absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." Lister v. Board of Regents, 72 Wis. 2d 282, 301, 240 N.W.2d 610 (1976).
¶6 In deciding the question of governmental immunity, courts are not concerned with whether the defendant's acts or omissions were arguably negligent, because it is assumed they were. Lodl v. Progressive N. Ins. Co., 2002 WI 71, ¶17, 253 Wis. 2d 323, 646 N.W.2d 314. Because that assumption removes all disputed factual issues from this case, the district's immunity is a question of law. See Bicknese v. Sutula, 2003 WI 31, ¶15, 260 Wis. 2d 713, 660 N.W.2d 289. Summary judgment is therefore the appropriate means to resolve the case. See Germanotta v. National Indem. Co., 119 Wis. 2d 293, 296, 349 N.W.2d 733 (Ct. App. 1984). We review summary judgments de novo. Mullen v. Walczak, 2003 WI 75, ¶11, 262 Wis. 2d 708, 664 N.W.2d 76.
¶7 The District's acts and omissions in this case were not ministerial. The decisions on how to proofread the supplemental yearbook and how to deal with the resulting problem were not prescribed by law. Those decisions required judgment in choosing between alternatives. Once the District chose its alternatives, the means of implementing those alternatives also remained a matter of judgment, and therefore of discretion.
¶8 Price also contends that governmental immunity under WIS. STAT. § 893.80(4) is not a defense here, based on the principle that publishing defamation is, as a general rule, a strict liability tort. See Denny v. Mertz, 106 Wis. 2d 636, 674, 318 N.W.2d 141 (1982) (Abrahamson, J., dissenting). However, it is no longer true that strict liability applies to publishing defamation. For liability, there must now be fault. See Maguire v. Journal Sentinel, Inc., 2000 WI App 4, ¶¶26-27, 232 Wis. 2d 236, 605 N.W.2d 881 (Ct. App. 1999). Additionally, § 893.80(4) extends immunity to governmental acts with no qualification stated except that those acts must be discretionary. Therefore, case law involving private publishers, in which the court clearly had no concerns for the implications of its holding for governmental immunity, does not control here.
¶9 Price finally contends that no immunity exists because WIS. STAT. § 893.80(5) provides in part that:
When rights or remedies are provided by any other statute against any political corporation, governmental subdivision or agency or any officer, official, agent or employee thereof for injury, damage or death, such statute shall apply ....
In Price's view, the provision of WIS. CONST. art. I, § 3 that arguably imposes liability for libel is a "statute" for purposes of § 893.80(5) and, therefore, provides a remedy that takes precedence over § 893.80(4). We disagree. The word "statute" in § 893.80(5) plainly means a provision of the Wisconsin Statutes. We cannot interpret it to mean "statute or constitutional provision." If a statute has a plain meaning that allows only one reasonable interpretation, that is the interpretation we must apply. See State v. Maxey, 2003 WI App 94, ¶6, 264 Wis. 2d 878, 663 N.W.2d 811.
¶10 What happened to Desiree Price was cruel and emotionally painful. But the issues before us are limited to whether the faculty advisor's role was ministerial or discretionary and whether WIS. STAT. § 893.80 otherwise permits the lawsuit to proceed. In these respects, we affirm the circuit court.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.