STATE of Wisconsin, Plaintiff-Appellant,

v.

Paul R. MAXEY, Defendant-Respondent.

Court of Appeals

*No. 02–1171–CR. Submitted on briefs January 9, 2003.*
*—Decided April 30, 2003.*

2003 WI App 94

(Also reported in 663 N.W.2d 811.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Douglas I. Henderson* of Kenosha.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. NETTESHEIM, P.J. We have previously granted the State's petition for leave to appeal from a trial court order forbidding the State from seeking multiple penalty enhancement against Paul R. Maxey on a charge of unlawful possession of a controlled substance (marijuana) pursuant to WIS. STAT.

§ 961.41(3g) (1999–2000).[1] The State is seeking to enhance Maxey's potential sentence under the repeat drug offender provisions of WIS. STAT. § 961.48(2) of the Uniform Controlled Substances Act *and* under the habitual criminal provisions of WIS. STAT. § 939.62(1)(b).[2] Based principally on the Wisconsin Supreme Court's recent decision in *State v. Delaney*, 2003 WI 9, 259 Wis. 2d 77, 658 N.W.2d 416, we reverse the trial court's order.

## FACTS AND PROCEDURAL HISTORY

¶ 2. The history of this case is undisputed. On November 28, 2001, the State filed a complaint against Maxey alleging the unlawful possession of marijuana. The complaint additionally alleged that Maxey had previously been convicted of two prior felonies, possession of heroin and possession of cocaine, on August 28, 1998. Although possession of marijuana is ordinarily a misdemeanor pursuant to WIS. STAT. § 961.41(3g)(e), the allegation of the prior drug convictions elevated the charge to a felony pursuant to WIS. STAT. § 961.48(2).[3] Following Maxey's waiver of a preliminary hearing, the

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] This case is governed by the original truth-in-sentencing law, 1997 Wis. Act 283, not the provisions of the follow-up legislation, 2001 Wis. Act 109, which did not become effective until February 1, 2003.

[3] WISCONSIN STAT. § 961.48(2) provides, in relevant part, "A person convicted of a 2nd or subsequent offense under s. 961.41(3g)(c), (d) or (e), is guilty of a felony and the person may be imprisoned in state prison." We note that § 961.48(2) was repealed by 2001 Wis. Act 109, Part B, effective February 1, 2003.

State filed an information repeating the allegations set forth in the complaint, and Maxey entered a plea of not guilty.

¶ 3. Maxey then filed a motion challenging the State's multiple penalty enhancer allegations. Among other relief, Maxey sought an order directing the State to choose either the repeat drug offender allegation or the habitual criminal allegation. Relying principally on this court's decision in *State v. Ray*, 166 Wis. 2d 855, 481 N.W.2d 288 (Ct. App. 1992), the trial court granted Maxey's motion and limited the State to a single penalty enhancer. After the trial court's ruling, Maxey entered a plea of no contest to the charge understanding that the State would seek appellate review of the trial court's order. The State followed with the instant petition for leave to appeal and we previously granted the petition. The trial court has deferred sentencing until the completion of this appeal.

¶ 4. Following the briefing in this matter, we placed this case on hold pending the Wisconsin Supreme Court's decision in *Delaney*.

## DISCUSSION

### *Standard of Review*

¶ 5. Maxey's argument requires us to construe the language of WIS. STAT. §§ 961.48(2) and 939.62(1)(b), raising questions of law that we review independently. *See State v. Wideman*, 206 Wis. 2d 91, 94, 556 N.W.2d 737 (1996). The purpose of statutory construction is to determine and give effect to the legislative intent, which is ascertained by considering the language of the statute, and if necessary the scope, history, context,

subject matter and object intended to be remedied or accomplished. *Ray*, 166 Wis. 2d at 872. When construing multiple statutes, we seek to harmonize them. *Id.* at 873. "It is a cardinal rule of statutory construction that conflicts between statutes are not favored and will be held not to exist if the statutes may otherwise be reasonably construed." *Wyss v. Albee*, 193 Wis. 2d 101, 110, 532 N.W.2d 444 (1995).

¶ 6.   We first look to the language of a statute and attempt to interpret it based on "the plain meaning of its terms." *State v. Williquette*, 129 Wis. 2d 239, 248, 385 N.W.2d 145 (1986). Only when statutory language is ambiguous may we examine other construction aids such as legislative history, scope, context, and subject matter. *State v. Waalen*, 130 Wis. 2d 18, 24, 386 N.W.2d 47 (1986). A statute is ambiguous if reasonable persons could disagree as to its meaning. *Williquette*, 129 Wis. 2d at 248.

¶ 7.   As noted above, if the statute is clear and unambiguous, we need not look beyond the statutory language to ascertain its meaning. However, we may construe a clear and unambiguous statute "if a literal application would lead to an absurd or unreasonable result." *Coca-Cola Bottling Co. of Wis. v. La Follette*, 106 Wis. 2d 162, 170, 316 N.W.2d 129 (Ct. App. 1982).

### *Statutory Analysis*

¶ 8.   Wisconsin Stat. § 961.48(2) of the Uniform Controlled Substances Act states, in relevant part:

> If any person is charged under sub. (2m) with a 2nd or subsequent offense under this chapter that is specified in s. 961.41 . . . (3g) . . . and he or she is convicted of

that 2nd or subsequent offense, any applicable mini-
mum and maximum fines and minimum and maximum
periods of imprisonment under s. 961.41 . . . (3g) . . .
(e) . . . are doubled.

¶ 9. WISCONSIN STAT. § 939.62(1)(b) states, in rel-
evant part:

If the actor is a repeater, as that term is defined in sub.
(2), and the present conviction is for any crime for
which imprisonment may be imposed . . . the maximum
term of imprisonment prescribed by law for that crime
may be increased as follows:

(b) A maximum term of more than one year but not
more than 10 years may be increased by not more
than . . . 6 years if the prior conviction was for a felony.

¶ 10. The question before us is whether the State
may use Maxey's two prior felony convictions to invoke
both of these penalty enhancer schemes. We begin with
the supreme court's recent decision in *Delaney*, an
opinion not yet issued when the trial court made its
ruling.[4]

¶ 11. The State charged Delaney with operating a
motor vehicle while intoxicated (OWI) as a third-time
offender pursuant to WIS. STAT. § 346.65(2)(c) of the
motor vehicle code. *Delaney*, 259 Wis. 2d 77, ¶ 3. In
addition, the State charged Delaney as a habitual
criminal pursuant to WIS. STAT. § 939.62 based upon a
prior felony conviction for attempted possession of

---

[4] The trial court did allude to the court of appeals decision
in *State v. Delaney*, No. 01–1051, unpublished slip op. (Wis. App.
Jan. 23, 2002). However, as the trial court noted, that decision
was unpublished. Understandably then, the court placed
greater reliance on *State v. Ray*, 166 Wis. 2d 855, 481 N.W.2d
288 (Ct. App. 1992), a published opinion from the court of
appeals.

884

marijuana with intent to deliver. *Delaney*, 259 Wis. 2d 77, ¶ 3. Delaney conceded that he was properly charged as a repeat offender under the motor vehicle code, but he challenged the application of the habitual criminal penalty enhancer under § 939.62. *Delaney*, 259 Wis. 2d 77, ¶ 4. The trial court rejected this challenge, as did the court of appeals. *Id.*, ¶¶ 4, 8.

¶ 12.   The supreme court agreed with the trial court and the court of appeals that the multiple penalty enhancement against Delaney was proper. The court held that the plain language of WIS. STAT. § 939.62 "does not exclude OWI offenses under [WIS. STAT.] § 346.63(1) from the scope of crimes to which the penalty enhancer applies." *Delaney*, 259 Wis. 2d 77, ¶ 17. The court first looked to Delaney's present conviction. The court held that Delaney's conviction for OWI qualified as a "present conviction" under the language of § 939.62(1) because it was a conviction "for any crime for which imprisonment may be imposed, except for an escape under [WIS. STAT.] s. 946.42 or a failure to report under [WIS. STAT.] s. 946.425." *Delaney*, 259 Wis. 2d 77, ¶ 19 (citing WIS. STAT. § 939.62(1)).

¶ 13.   Next the supreme court looked to Delaney's prior drug related conviction to determine if it qualified as a predicate conviction for an enhanced sentence under WIS. STAT. § 939.62. Delaney argued that his prior conviction did not qualify, citing to § 939.62(3), which defines "felony" and "misdemeanor" for purposes of § 939.62. *Delaney*, 259 Wis. 2d 77, ¶ 21. Noting that this statute exempts motor vehicle offenses from these definitions, Delaney argued that he was improperly sentenced as a habitual criminal under § 939.62. *Delaney*, 259 Wis. 2d 77, ¶ 21. The supreme court disagreed. The court noted that the motor vehicle exemption is used only in the context of the defendant's

prior convictions. *Id.*, ¶ 22. Since Delaney's prior conviction was a drug related offense, not a motor vehicle offense, the court concluded that Delaney was properly sentenced as a habitual criminal under § 939.62. *Delaney*, 259 Wis. 2d 77, ¶ 24.

¶ 14.    In summary, the law of Wis. Stat. § 939.62 as explained in *Delaney* is as follows. A defendant is eligible for an enhanced sentence as a habitual criminal if:    (1) the present conviction is for any crime allowing for imprisonment except escape or a failure to report; and (2) the prior conviction is for any felony or misdemeanor except motor vehicle offenses and offenses prosecuted in the juvenile court.

¶ 15.    The allegations of the information in this case clearly qualify Maxey as eligible for penalty enhancement under this law. The information alleges that Maxey possessed a controlled substance and the statute provides for imprisonment as a possible penalty, thus satisfying the "any crime" and "imprisonment" requirements of Wis. Stat. § 939.62(1). In addition, Maxey's prior convictions are adult drug related offenses, not motor vehicle or juvenile offenses, thus satisfying the prior conviction requirements of § 939.62(1)(b) and (3)(a). Indeed, we do not read Maxey to dispute that he facially qualifies for an enhanced penalty under § 939.62.

¶ 16.    Rather, Maxey's contention is that he cannot be subjected to multiple sentence enhancement as a repeat drug offender under Wis. Stat. § 961.48(2) *and* as a habitual criminal under Wis. Stat. § 939.62(1)(b). Addressing a similar argument in the context of a present conviction for OWI, the *Delaney* court said:

> Under the well-established canon of *expressio unius est exclusio alterius* (the expression of one thing excludes

886

another), where the legislature specifically enumerates certain exceptions to a statute, we conclude, based on that rule, that the legislature intended to exclude any other exception.

Applying the above canon to the case at hand, if the legislature intended to exempt present motor vehicle offenses from the definition of "any crime," it either would have clarified its intention by adding the "felony" and "misdemeanor" language to WIS. STAT. § 939.62(1), rather than referring to "any crime," or it would have added a specific motor vehicle offense exemption to § 939.62(1). However, the legislature has elected not to do so. The legislature only barred the application of § 939.62 where the present conviction is for an escape or failure to report, and where the prior conviction relied on to trigger the enhancement statute is for a motor vehicle offense.

*Delaney*, 259 Wis. 2d 77, ¶¶ 22–23 (citations omitted). Accordingly, the supreme court held that Delaney was properly sentenced as a repeater under both WIS. STAT. § 346.65(2)(c) of the motor vehicle code and § 939.62. *Delaney*, 259 Wis. 2d 77, ¶ 25, ¶ 36.

¶ 17.   The same logic applies in this case. Under WIS. STAT. § 939.62, Maxey's present conviction is not for escape or a failure to report; and his past convictions are not motor·vehicle offenses or matters processed in the juvenile court. Instead, all of his convictions, past and present, are for drug related offenses. If the legislature had intended to exempt such convictions from the definition of "any crime" when describing a defendant's present conviction, it would have done so. Similarly, if the legislature had intended to exempt such convictions from the definition of "felony" and "misdemeanor" when describing a defendant's past convic-

tions, it would have done so. In addition, nothing in the language of § 939.62 states or suggests that the State's invocation of the habitual criminal provisions of the statute serves to bar application of other statutory penalty enhancement schemes.

¶ 18. The same logic applies when we look to the drug repeater provisions of Wis. Stat. § 961.48. This statute clearly and unambiguously states that if the present charge represents a second or subsequent offense of possession of a controlled substance under Wis. Stat. § 961.41(3g), any applicable minimum and maximum fines and terms of imprisonment are doubled. Unlike Wis. Stat. § 939.62, this statute has no exceptions or exemptions for the defendant's present or past convictions. In addition, nothing in the language of § 961.48 states or suggests that the State's invocation of the repeat drug offender provisions of the statute serves to bar application of other statutory penalty enhancement schemes.

¶ 19. In barring the multiple penalty enhancement, the trial court relied principally on this court's opinion in *Ray*. There, the defendant's drug related sentence was enhanced under Wis. Stat. § 161.48(2) (now § 961.48) and under the general repeater statute, Wis. Stat. § 939.62, based upon a single prior drug related conviction.[5] *Ray*, 166 Wis. 2d at 871, 873. The

[5] The trial court noted that the *Ray* decision did not clearly state whether the multiple enhancement was based on a single prior conviction or, as in this case, multiple prior convictions. The trial court hinted that its decision might well be different if it could distinguish *Ray* on this point. Unable to resolve this uncertainty, the court felt obligated to follow *Ray*'s holding that the multiple enhancement was prohibited.

We agree with the trial court that *Ray* could have been more express on this question. We do note, however, that when

State conceded error and the court of appeals struck down the multiple enhancement. *Id.* at 872, 873–74. The court stated, "[A]bsent express legislative intent, we conclude that the legislature's purpose is fulfilled by applying only one of the sections to a second or subsequent offense of a repeater defendant." *Id.* at 872. The court also held that the repeater provisions of the Uniform Controlled Substances Act represented the more specific statute over the general repeater provisions of § 939.62. *Ray*, 166 Wis. 2d at 873.

¶ 20.   However, the supreme court distinguished *Ray* in *Delaney*. The court stated that *Ray* involved but one prior conviction whereas Delaney had multiple prior convictions:

> The factual situation in *Ray* is not the same as here. Unlike the situation in *Ray*, where the State attempted to use one prior conviction to support two penalty enhancers, here the WIS. STAT. § 346.645 enhancer was based on Delaney's prior OWI conviction and refusal to submit to a chemical test. The § 939.62 enhancer was based on Delaney's attempted possession of THC conviction; therefore, the decision in *Ray* is inapplicable here.

*Delaney*, 259 Wis. 2d 77, ¶ 31.

¶ 21.   The same situation exists here. The complaint alleges two prior convictions against Maxey. The

---

discussing the case law from other jurisdictions in accord with its ruling, the *Ray* court stated, "Those jurisdictions have held that *both enhancement statutes may not be applied together for one conviction.*" *Ray*, 166 Wis. 2d at 873 (emphasis added). In our unpublished opinion in *Delaney*, we construed that language to indicate that *Ray* involved but one prior conviction, and we distinguished *Ray* on that basis. *Delaney*, unpublished slip op. at ¶ 39. The supreme court reached the same conclusion.

State seeks to use one of the convictions to support the drug repeater allegation under WIS. STAT. § 961.48(2) and the other conviction to support the habitual criminal repeater allegation under § 939.62(1)(b). *Delaney* expressly permits this charging and sentencing scheme.

¶ 22. The *Delaney* court also rejected the argument, premised on *Ray*, that the motor vehicle code was the more specific repeater statute and therefore should prevail over the general repeater provisions of WIS. STAT. § 939.62. The supreme court said, "The court of appeals in *Ray* carefully limited its decision to the situation before it." *Delaney*, 259 Wis. 2d 77, ¶ 31. Moreover, this principle of statutory construction only comes into play when the two statutes at issue are in conflict. *State v. Anthony D.B.*, 2000 WI 94, ¶ 11, 237 Wis. 2d 1, 614 N.W.2d 435. Absent such conflict, we seek to harmonize the two statutes. *Ray*, 166 Wis.2d at 873. In *Delaney*, the supreme court held that there is no conflict between the penalty enhancer schemes set out in the motor vehicle code and § 939.62 and therefore the court gave effect to both statutes. *Delaney*, 259 Wis. 2d 77, ¶¶ 1, 17. We do the same in this case. We hold that there is no conflict between penalty enhancer schemes set out in the Uniform Controlled Substances Act and § 939.62, and we give effect to both.

## CONCLUSION

¶ 23. We hold that the repeat drug offender provisions of WIS. STAT. § 961.48(2) and the habitual criminal repeater provisions of WIS. STAT. § 939.62(1)(b) may be applied against Maxey. We reverse the order requiring the State to elect one of the enhancer provisions.

*By the Court.*—Order reversed and cause remanded.