STATE of Wisconsin, Plaintiff-Respondent,

v.

Garett T. ELWARD, Defendant-Appellant.

Court of Appeals

*No. 2014AP2569–CR. Submitted on briefs February 23, 2015.
—Decided May 20, 2015.*

2015 WI App 51

(Also reported in 866 N.W.2d 756.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Dustin C. Haskell*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jeffrey A. Sisley*, assistant district attorney, Port Washington.

Before Brown, C.J., Neubauer, P.J. and Reilly, J.

¶ 1. BROWN, C.J.   In this case, we must decide whether a mandatory $200 DNA surcharge imposed on misdemeanants is an unconstitutional ex post facto violation given the facts at hand. We hold that, as applied to a distinct class of defendants, the law created an ex post facto punishment. The State concedes this point, but we have decided to write an opinion anyway because we are unsure how large the class is.

¶ 2.   On July 1, 2013, the legislature published 2013 Wis. Act 20. In part, this law imposed a $200 DNA surcharge for defendants found guilty of misdemeanors. 2013 Wis. Act 20, § 2355. The Act called for

629

circuit courts to begin imposing the surcharge on January 1, 2014. 2013 Wis. Act 20, § 9426(1)(am). However, the Act required the circuit courts to wait until April 1, 2015, before they could actually order misdemeanants to provide a biological specimen for DNA analysis. 2013 Wis. Act 20, § 9426(1)(bm). This multiphase rollout led to an ex post facto violation because it created a class of people who committed an offense before the courts could impose a DNA surcharge, who then received a sentence when circuit courts were mandated to impose the surcharge but the requirement to submit a biological specimen was not yet in place. As a result, the law made this class of misdemeanants pay to maintain a database of which they could never be a part because they could never be ordered to actually provide a sample. In other words, the surcharge was disassociated from its purpose of financially supporting the DNA database. Therefore, rather than the surcharge being a fee to support the financial cost of a DNA database, it was a fine for this class and became an ex post facto violation. We reverse and remand with directions.

## Facts

¶ 3.  On July 25, 2013, a police officer pulled Garett Elward over for driving a vehicle that had a headlight out. The officer noticed that Elward had bloodshot eyes and smelled of intoxicants. After performing field sobriety and breathalyzer tests, the officer arrested Elward.

¶ 4.  The State charged Elward with OWI—Fourth Offense, a misdemeanor. On January 14, 2014, Elward pled guilty and received his sentence. As mandated by law, the circuit court also ordered Elward to

pay costs stemming from the offense, which included a $200 DNA analysis surcharge. Elward appeals.

## Analysis

¶ 5.   Elward argues that the $200 DNA surcharge constituted an ex post facto violation because it was not part of the law when he committed the offense leading to his conviction. Whether a statute violates the ex post facto clause is a question of law that we review de novo. *State v. Haines*, 2003 WI 39, ¶ 7, 261 Wis. 2d 139, 661 N.W.2d 72. The defendant "bears the burden of establishing a violation of the ex post facto clauses of the United States and Wisconsin Constitutions." *State ex rel. Singh v. Kemper*, 2014 WI App 43, ¶ 9, 353 Wis. 2d 520, 846 N.W.2d 820. Elward must prove beyond a reasonable doubt that this statute is an unconstitutional ex post facto violation. *State v. Post*, 197 Wis. 2d 279, 301, 541 N.W.2d 115 (1995).

¶ 6.   The threshold question that we must answer is whether the law serves to punish the defendant or to pursue a regulatory goal. *State v. Carpenter*, 197 Wis. 2d 252, 273, 541 N.W.2d 105 (1995). We are persuaded by *Mueller v. Raemisch*, 740 F.3d 1128 (7th Cir. 2014). In this case, two convicted sex offenders challenged a Wisconsin law that required them to submit to continuous monitoring following their convictions. *Id.* at 1130. The State enacted the law after the offenders committed their offenses and were convicted, but before they finished serving their sentences. *Id.* The plaintiffs argued that this registration scheme violated the federal Constitution's ex post facto provision. *Id.* The plaintiffs also contended that the

631

$100 annual registration fee to maintain the database constituted a fine instead of a fee. *Id.* at 1130, 1133. The court held that the State could require the plaintiffs to register in the database and also that it could impose the $100 annual registration fee. *Id.* at 1133–35. However, in issuing its decision, the court acknowledged that "[l]abels don't control. A fine is a fine even if called a fee, and one basis for reclassifying a fee as a fine would be that it bore no relation to the cost for which the fee was ostensibly intended to compensate." *Id.* at 1133.

¶ 7. Unlike the plaintiffs in *Mueller*, the timing of Elward's offense with relation to the rollout of the statutory scheme made the $200 DNA surcharge a fine instead of a fee. Elward committed a misdemeanor before the law imposed the surcharge. When the circuit court sentenced Elward, the law required the surcharge, but did not permit the State to actually collect a DNA sample. *See* 2013 Wis. Act 20, § 9426(1)(am), (bm). As a result, the $200 surcharge bore no relation to the cost of a DNA test because he never had to submit to a test. The State received money for nothing. This served only to punish Elward without pursuing any type of regulatory goal. Therefore, the surcharge as applied to Elward was a fine, not a fee, and violated the Constitution's ex post facto clause. As we stated above, the State agrees with this analysis.

*By the Court.*—Judgment and order reversed and cause remanded with directions.