BLANCHARD, J.
*644 ¶ 1 Arthur Freiboth appeals a judgment of conviction and a circuit court order denying, without an evidentiary hearing, his motion for post-sentencing plea withdrawal. Freiboth contends that the court had a duty to advise him as part of the plea colloquy about the DNA surcharges that he would be required to pay as a result of his pleas, and the court failed to so advise him, entitling him to withdraw his pleas. We conclude that this argument is foreclosed by the combined holdings of State v. Muldrow , 2018 WI 52, 381 Wis.2d 492, 912 N.W.2d 74, and State v. Williams , 2018 WI 59, 381 Wis.2d 661, 912 N.W.2d 373. Accordingly, we affirm.
BACKGROUND
¶ 2 The pertinent facts are not disputed. Freiboth was charged in July 2014 with offenses that he allegedly committed that same month. In September 2014, he entered pleas to one count of strangulation and suffocation and three counts of bail jumping.[1]
¶ 3 At the time of Freiboth's pleas, pursuant to WIS. STAT. § 973.046(1r)(a) (2013-14), the court was obligated to impose a deoxyribonucleic acid analysis surcharge "for each conviction for a felony, $250."[2] Consistent with that, at the plea hearing the court advised Freiboth that he would have to "provide a DNA sample if you have not already done so. You have to pay for it no matter what." However, the court did not otherwise advise Freiboth that, as a result of his pleas and conviction, he would be required to pay a $250 DNA surcharge for each of the four felony counts to which he pled. As part of the sentence, the court ordered Freiboth to pay costs, fees, and surcharges, noting that this included "four DNA" surcharges, as well as domestic abuse surcharges. The judgment of conviction reflects that he must pay a total of $1,000 in DNA surcharges.
¶ 4 Freiboth filed a post-conviction motion seeking, in part, withdrawal of his pleas on the ground that the court failed to ensure that Freiboth understood the $1,000 "punishment" he faced upon his pleas. The court denied this aspect of the motion without an evidentiary hearing. Relying substantially on State v. Scruggs , 2015 WI App 88, 365 Wis.2d 568, 872 N.W.2d 146, the circuit court concluded that the plea hearing court did not have a duty to inform Freiboth about the surcharges before accepting his guilty pleas and therefore he is not entitled to withdraw his pleas on this basis. See Scruggs , 365 Wis.2d 568, ¶ 14, 872 N.W.2d 146 (questioning whether the legislature had a punitive intent in requiring imposition of the surcharge).
¶ 5 Briefing in this appeal was completed in June 2016. In November 2016, this court certified State v. Odom , No. 2015AP2525-CR, unpublished certification (WI App. Nov. 9, 2016) to the Wisconsin Supreme Court for determination of whether a circuit court's failure to advise a defendant about the mandatory imposition of multiple DNA surcharges for multiple convictions "establishes a prima facie showing that the defendant's plea was unknowing, involuntary, and unintelligent," and the certification was granted. However, *645 the appellant in Odom voluntarily dismissed that appeal, after which this court certified the same issue in this case to our supreme court. The court refused certification on July 10, 2018.
¶ 6 In the meantime, in May 2018, our supreme court issued both Muldrow and Williams , which we now explain resolve the single issue raised on appeal: whether plea hearing courts have a duty to inform defendants about the mandatory DNA surcharge, because the surcharge is punishment and therefore a direct consequence of a plea.
DISCUSSION
Muldrow
¶ 7 Muldrow moved to withdraw his guilty plea to second-degree sexual assault on the ground that his plea was not knowing, because the plea hearing court did not inform him that it would subject him to lifetime GPS tracking, even though, Muldrow contended, the tracking was a direct consequence of the plea. Muldrow , 381 Wis.2d 492, ¶¶ 3-4, 912 N.W.2d 74. His argument was based on the requirement that the circuit court notify the defendant of direct consequences of a guilty plea and the standard that a defendant who is not accurately informed of the punishment that could result from a guilty plea may be entitled to withdraw the plea. Id. , ¶¶ 1-2 ; see also WIS. STAT. § 971.08(1)(a). Our supreme court explained that "direct consequences of a plea" are "those that impose punishment." Id. , ¶ 1. Thus, the court examined in Muldrow "whether lifetime GPS tracking is a 'punishment' such that due process requires a defendant be informed of it before entering a plea of guilty." Id. , ¶ 4.
¶ 8 As part of its analysis, the court in Muldrow determined that "the intent-effects test is the proper test used to determine whether a sanction is punishment such that due process requires a defendant be informed of it before entering a plea of guilty." Id. , ¶ 6. Applying that test, the court held that "neither the intent nor effect of lifetime GPS tracking is punitive," and therefore "Muldrow is not entitled to withdraw his plea because the circuit court was not required to inform him that his guilty plea would subject him to lifetime GPS tracking." Id. , ¶ 8.
Williams
¶ 9 Our supreme court held in Williams that the mandatory DNA surcharge is not punishment, for purposes of analysis under the ex post facto clauses of the federal and state constitutions. Williams , 381 Wis.2d 661, ¶ 54, 912 N.W.2d 373. The ex post facto challenge in Williams concerned the sentencing court's imposition of the mandatory DNA surcharge, instead of the former version of WIS. STAT. § 973.046(1r)(a), which had given sentencing courts discretion whether to impose the surcharge, except when sentencing for specified sex crimes. Id. , ¶ 14. Williams had committed his crimes when the surcharge was discretionary but was sentenced when the surcharge was mandatory, after the statute was amended. Id. , ¶ 16. Williams' theory was that applying the mandatory version of the statute to him violated the ex post facto clause, because that would make his punishment more burdensome after he committed the offenses. See id ., ¶¶ 15, 21.
¶ 10 The court of appeals had reversed the circuit court on the ex post facto issue, on the ground that two of our prior decisions required us to remand the issue to the circuit court for discretionary application of the prior version of the DNA surcharge statute. Id. , ¶ 16 (addressing State v. Elward , 2015 WI App 51, 363 Wis.2d 628, 866 N.W.2d 756, overruled by State v. Williams , 2018 WI 59, 381 Wis.2d 661, 912 N.W.2d 373, and *646 State v. Radaj , 2015 WI App 50, 363 Wis.2d 633, 866 N.W.2d 758, overruled by State v. Williams , 2018 WI 59, 381 Wis.2d 661, 912 N.W.2d 373 ). Our supreme court reversed the court of appeals. Williams , 381 Wis. 2d 661, ¶¶ 29, 43, 912 N.W.2d 373.
¶ 11 Addressing the "intent" portion of the intent-effects test used in ex post facto analysis, the court overruled Elward and Radaj as "wrongly decided," and determined that the mandatory DNA surcharge statute has the non-punitive purpose of covering "costs associated with the DNA databank by charging those necessitating its existence-convicted criminals." Id. , ¶ 29. The court also concluded that the mandatory DNA surcharge statute does not have a punitive effect. Id. , ¶¶ 30-43. In sum, the court concluded that the "purpose underlying the mandatory DNA surcharge" is "non-punitive," namely, "to generate funds to cover costs incurred by the State in solving crimes utilizing a statewide DNA databank." Id. , ¶ 43.
Muldrow And Williams Resolve This Appeal
¶ 12 To recap, Muldrow holds that the intent-effects test is used to determine whether a sanction is punishment, to which a defendant must be alerted before entering a plea, 381 Wis.2d 492, ¶¶ 26-27, 912 N.W.2d 74, and Williams holds that the mandatory DNA surcharge is not punishment under the intent-effects test, 381 Wis.2d 661, ¶ 43, 912 N.W.2d 373. Given these holdings, we see no room for Freiboth's only argument. Understandably, given the timing, in Freiboth's 2016 briefing to this court he relied heavily on the now overruled Radaj opinion of this court. However, the law now is plain: plea hearing courts do not have a duty to inform defendants about the mandatory DNA surcharge, because the surcharge is not punishment and therefore not a direct consequence of a plea.
By the Court .-Judgment and order affirmed.

The Hon. Lindsey Grady presided over the combined plea and sentencing hearing. The Hon. Jeffrey A. Kremers issued the decision and order partially denying the motion for post-conviction relief.

All references to the Wisconsin Statutes are to the 2013-14 version unless otherwise noted. The amendment to Wis. Stat. § 973.046(1r)(a) by 2013 Wis. Act 20 rendered the DNA surcharge mandatory at all times pertinent here.