COURT OF APPEALS
DECISION
DATED AND FILED

October 25, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2018AP1589-CR**
**2019AP1045-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2014CF4700
2014CF3251

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

TERRENCE JEFF CLOYD, JR.,

    DEFENDANT-APPELLANT.

APPEALS from judgments and orders of the circuit court for Milwaukee County: CLAIRE L. FIORENZA, T. CHRISTOPHER DEE, THOMAS J. McADAMS, and DAVID C. SWANSON, Judges. *Affirmed.*

Before Dugan, White and Gundrum, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Terrence Jeff Cloyd, Jr., appeals judgments of conviction for multiple drug, weapon possession, and bail jumping charges entered upon guilty pleas in two separate cases. He also appeals the two circuit court denials of his postconviction motions without a hearing. Cloyd argues that his pleas were not knowingly entered because he was not correctly informed of the maximum penalty he faced if he went to trial because he was charged with multiple penalty enhancers. Further, he contends his trial counsel was ineffective for failing to object to the charging of certain penalty enhancers. We reject Cloyd's arguments and we affirm.

## BACKGROUND

¶2 These cases arise out of multiple incidents in summer 2014. The underlying circuit court cases were consolidated on appeal, and we provide a background of relevant facts on each case.[1]

### I. Milwaukee County Circuit Court case No. 2014CF4700

¶3 According to the criminal complaint in Milwaukee County Circuit Court case No. 2014CF4700, on June 10, 2014, Cloyd sold heroin to a Milwaukee Police Department (MPD) Confidential Source. On June 19, 2014, Cloyd arranged another heroin sale with the same MPD Confidential Source and then had his sister complete the sale later that day. Cloyd was charged with six counts:

---

[1] Cloyd's cases were heard by multiple judges including the Honorable Clare L. Fiorenza, who accepted his plea in case No. 2014CF4700; the Honorable Thomas J. McAdams, who imposed sentencing and who denied partial postconviction relief in case No. 2014CF4700; the Honorable David C. Swanson, who denied postconviction relief in case No. 2014CF4700; the Honorable Mark A. Sanders, who accepted his plea in case No. 2014CF325; and the Honorable T. Christopher Dee, who imposed sentencing in case No. 2014CF3215. For ease of reading, we refer to all of the judges as the circuit court.

(1) manufacture/delivery of three or less grams of heroin, as a repeater, and as a second or subsequent drug offense; (2) felony bail jumping as a repeater; (3) misdemeanor bail jumping as a repeater; (4) manufacture/delivery of three or less grams of heroin, as a party to a crime and as a repeater, and as a second or subsequent drug offense; (5) felony bail jumping as a repeater; and (6) misdemeanor bail jumping as a repeater.

¶4      On April 27, 2015, pursuant to a plea agreement, Cloyd plead: (1) guilty to counts one and four, the heroin charges including the second and subsequent drug offense penalty enhancer under WIS. STAT. § 961.48(1) (2013-14),[2] but the State dismissed the habitual criminality repeater penalty enhancer under WIS. STAT. § 939.62 (2013-14); and (2) guilty to counts two and five for felony bail jumping, but the State dismissed the repeater penalty enhancer. The State also agreed to dismiss but read in the misdemeanor bail jumping charges, counts three and six. During the plea colloquy, the circuit court stated for count one, Cloyd faced a maximum term of imprisonment for not more than twelve years and six months. It also stated that the second or subsequent drug offense enhancer could add up to four years of imprisonment and for the repeater enhancer, "the prison portion of the sentence could be increased by not more than four years."[3] The circuit court explained the same penalties described for count

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3] We note that the circuit court's pronouncement that the repeater enhancer could increase Cloyd's sentence by "not more than four years" was not strictly accurate. The information applied WIS. STAT. § 939.62(1)(c) as an enhancer, which provides that when an actor is a repeater as defined in that section, the "maximum term of imprisonment of more than [ten] years may be increased … by not more than [six] years if the prior conviction was for a felony." Therefore, Cloyd faced an increased penalty of up to six years; however, we quote the circuit court misstatement because that is the information stated in Cloyd's presence.

one also applied to count four. Combining the potential term of imprisonment for all six counts with the charged enhancers, Cloyd's faced a seventy year and six month term of imprisonment.[4] After a thorough colloquy, the circuit court accepted Cloyd's guilty pleas.

¶5 On July 9, 2015, the circuit court sentenced Cloyd to concurrent sentences.[5] The circuit court did not impose the maximum sentences or increase Cloyd's confinement based on the penalty enhancers. The court imposed

---

[4] For case No. 2014CF4700, the maximum term of imprisonment with all enhancers was seventy years and six months, which is composed of:

Count One, contrary to WIS. STAT. § 961.41(1)(d)1—twelve years and six months plus six years for the repeater enhancer per WIS. STAT. § 939.62(1)(c) and/or four years for the second or subsequent drug offense enhancer per WIS. STAT. § 961.48(1)(b);

Count Two, contrary to § 946.49(1)(b)—six years plus four years for the repeater enhancer per § 939.62(1)(b);

Count Three, contrary to § 946.49(1)(a)—nine months plus two years for the repeater enhancer per § 939.62(1)(a);

Count Four, contrary to §§ 961.41(1)(d)1, 939.05—twelve years and six months plus six years for the repeater enhancer per § 939.62(1)(c) and/or four years for the second or subsequent drug offense enhancer per § 961.48(1)(b);

Count Five, § 946.49(1)(b)—six years plus four years for the repeater enhancer per § 939.62(1)(b); and

Count Six contrary to § 946.49(1)(a)—nine months plus two years for the repeater enhancer per § 939.62(1)(a).

[5] During the same hearing, the circuit court sentenced Cloyd to a two year term of imprisonment in Milwaukee County Circuit Court case No. 2014CF4698, a case for which Cloyd had been convicted at a jury trial in February 2015. That sentence was concurrent to the sentence imposed in case No. 2014CF4700. The court also referenced Cloyd's convictions and sentencing in December 2014 to nine months in the House of Correction, consecutively, in Milwaukee County Circuit Court case No. 2014CF1120; nine months in the House of Correction, consecutively, in Milwaukee County Circuit Court case No. 2014CM1633; and one year initial confinement and one year of extended supervision, consecutively, in Milwaukee County Circuit Court case No. 14CF4817. We do not discuss Cloyd's cases that are not on appeal any further.

concurrent sentences of seven years and six months of initial confinement and five years of extended supervision for counts one and four, and concurrent sentences of three years of initial confinement and three years of extended supervision for counts two and five, with read-ins for counts three and six, which were also dismissed. The concurrent sentences were consecutive to any other sentences imposed.

¶6 In February 2017, Cloyd filed a WIS. STAT. § 809.30 postconviction motion seeking plea withdrawal among other issues. Cloyd argued that his plea was not entered knowingly, intelligently, and voluntarily because he was improperly charged with two penalty enhancers. In August 2017, the circuit court denied Cloyd's motion for plea withdrawal without a hearing.[6]

II.    *Milwaukee County Circuit Court case No. 2014CF3215*

¶7 According to the criminal complaint in Milwaukee County Circuit Court case No. 2014CF3215, on July 20, 2014, Cloyd was identified with a firearm in his hand on surveillance video outside of a strip club in Milwaukee after a shooting. On July 21, 2014, the police conducted a traffic stop of a vehicle driven by Cloyd. He was arrested after an officer observed a suspected marijuana blunt in his lap; further, during a search, an officer found a pill in his pants pocket,

---

[6] Cloyd additionally moved for postconviction relief seeking sentence modification, eligibility for the earned release program and plea withdrawal on the basis of not being informed that he would be subject to a mandatory DNA surcharge. The sentence modification was denied, the eligibility for the earned release program was granted, but the plea withdrawal based on the DNA surcharge issue was held in abeyance pending a decision in *State v. Freiboth*, 2018 WI App 46, 383 Wis. 2d 733, 916 N.W.2d 643. There, this court concluded that the circuit court had no duty to inform a defendant of the mandatory DNA surcharges under WIS. STAT. § 973.046(1r). *Id.*, ¶12. Accordingly, Cloyd's remaining claim was denied in July 2018. These issues are not raised on appeal and we address them no further.

which was identified as Oxycodone. Cloyd was charged with six counts: (1) possession of a firearm by a felon as a repeater; (2) felony bail jumping as a repeater; (3) misdemeanor bail jumping as a repeater; (4) disorderly conduct with use of a dangerous weapon as a repeater; (5) possession of tetrahydrocannabinol (THC) as a repeater and as a second or subsequent drug offense;[7] and (6) possession of narcotic drugs as a repeater and as a second or subsequent drug offense.[8]

---

[7] We note that the complaint and information for count five of case No. 2014CF3251 both state that he was charged as a repeater and as a second and subsequent drug offense; however, the statutory violations only list the repeater enhancer, WIS. STAT. § 939.62(1)(b). Count six lists the statutory violations for both enhancers. Cloyd's postconviction motion only challenges the imposition of both enhancers on count six, and so we only address count six and do not address count five.

[8] For case No. 2014CF3251, the maximum term of imprisonment with all enhancers based on the six counts charged in the information was forty-eight years six months. This was composed of:

Count One, contrary to WIS. STAT. § 941.29(2)(a)—ten years plus four years for the repeater enhancer per WIS. STAT. § 939.62(1)(b);

Count Two, contrary to § 946.49(1)(b)—six years plus four years for the repeater enhancer per § 939.62(1)(b);

Count Three, contrary to § 946.49(1)(a)—nine months plus two years for the repeater enhancer per § 939.62(1)(a);

Count Four, contrary to § 947.01(1)—ninety days plus two years for the repeater enhancer per § 939.62(1)(a) plus six months for use of a dangerous weapon enhancer per WIS. STAT. § 939.63(1)(a);

Count Five, contrary to § 961.41(3g)(e)—three years and six months plus four years for the repeater enhancer per § 939.62(1)(b); and

Count Six, contrary to § 961.41(3g)(e)—three years and six months plus four years for the repeater enhancer per § 939.62(1)(b) and/or four years for the second or subsequent drug offense enhancer per WIS. STAT. § 961.48(1)(b).

6

¶8    On March 7, 2016, pursuant to a plea agreement, Cloyd entered guilty pleas to counts one, two, and five (with the second or subsequent drug offense enhancer), and the State moved to dismiss the repeater penalty enhancer for those counts, and dismissed and read in counts three, four, and six.  During the plea colloquy, the circuit court found that if the maximum statutory penalties for counts one, two, and five were imposed as consecutive sentences, Cloyd faced up to nineteen years and six months of imprisonment and $40,000 in fines.  After a thorough colloquy on Cloyd's rights, the court accepted Cloyd's guilty pleas and dismissed the repeater penalty enhancer for counts one, two, and five.

¶9    On March 22, 2016, Cloyd moved to withdraw his plea in No. 2014CF3215, *pro se*, alleging his counsel coerced him into entering his plea or did not effectively represent him during the plea hearing.  At a hearing in May 2016, the court allowed Cloyd's counsel, who was appointed by the State Public Defender's (SPD) office, to withdraw and asked counsel to let SPD know about the need to appoint new counsel to litigate Cloyd's plea withdrawal motion.

¶10    In January 2017, the circuit court heard Cloyd's motion to withdraw his plea.[9]  The hearing opened with the State explaining it would not further negotiate a plea agreement with Cloyd if he was successful in withdrawing his plea.  Relevant here, the court stated that all of the repeater penalty enhancers would return and increase Cloyd's exposure to prison time.  After testimony from Cloyd and his former attorney, the court found that Cloyd had not proven that

---

[9] We note that Cloyd's original motion for plea withdrawal was made prior to sentencing and the circuit court assessed his motion under the fair and just reason standard.  *See State v. Manke*, 230 Wis. 2d 421, 425, 602 N.W.2d 139 (Ct. App. 1999).  On appeal, Cloyd's postconviction motion requests plea withdrawal after sentencing under the manifest injustice standard.

there were sufficient grounds to question the validity of the plea colloquy and the admissions of guilt to grant plea withdrawal. The court found that counsel discussed defenses and options with Cloyd, and he did not provide a fair and just reason to withdraw his plea. The court denied Cloyd's motion.

¶11   On April 26, 2017, the circuit court sentenced Cloyd. The circuit court did not impose the maximum possible sentences or increase Cloyd's confinement based on the penalty enhancers. The court imposed four years of initial confinement and four years of extended supervision for count one, one year of initial confinement and one year of extended supervision for count two, and one year of initial confinement and one year of extended supervision for count five. The sentences for counts two and five were concurrent to each other, but consecutive to the sentence for count one.

## DISCUSSION

¶12   On appeal, Cloyd argues that under the plain language of WIS. STAT. § 973.01(2)(c)2.c.,[10] a court may not impose both the habitual criminality repeater

---

[10] WISCONSIN STAT. § 973.01 sets forth how courts impose sentencing including the bifurcation of confinement and extended supervision, the total length of a bifurcated sentence, the maximum terms of confinement, and the imposition of penalty enhancements. Relevant here is the law on the imposition of multiple penalty enhancers:

> If more than one of the following penalty enhancement statutes apply to a crime, the court shall apply them in the order listed in calculating the maximum term of imprisonment for that crime:
>
> a. Sections 939.621, 939.623, 939.632, 939.635, 939.645, 946.42 (4), 961.442, 961.46, and 961.49.
>
> b. Section 939.63.
>
> c. Section 939.62 (1) or 961.48.

Sec. 973.01(2)(c)2.

penalty enhancer under WIS. STAT. § 939.62(1)(b) and the second or subsequent drug offense penalty enhancer under WIS. STAT. § 961.48(1)(b). As Cloyd was charged with both penalty enhancers for counts one and four in case No. 2014CF4700 and count six in case No. 2014CF3251, he contends his pleas were not knowing, intelligent and voluntary because he was not told the correct maximum term of imprisonment he faced and it would be a manifest injustice if he were not allowed to withdraw his pleas. Additionally, he argues he was provided ineffective assistance of counsel because his attorneys did not move to dismiss one of the penalty enhancers.

¶13 "When a defendant seeks to withdraw a guilty plea after sentencing, he must prove, by clear and convincing evidence, that a refusal to allow withdrawal of the plea would result in 'manifest injustice.'" *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906 (citation omitted). "One way the defendant can show manifest injustice is to prove that his plea was not entered knowingly, intelligently, and voluntarily." *State v. Taylor*, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482. "Whether a plea was entered knowingly, voluntarily, and intelligently presents a question of constitutional fact that is reviewed independently." *State v. Cross*, 2010 WI 70, ¶14, 326 Wis. 2d 492, 786 N.W.2d 64. "In making this determination, this court accepts the circuit court's findings of historical or evidentiary facts unless they are clearly erroneous." *Id.*

¶14 WISCONSIN STAT. § 971.08 establishes certain requirements for ensuring a guilty plea is knowing, voluntary, and intelligent. In *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), and subsequent cases such as *Brown*, 293 Wis. 2d 594, ¶23, our supreme court "provided additional requirements." *Cross*, 326 Wis. 2d 492, ¶16. At issue here, as was examined in *Cross*, is whether the circuit court "[e]stablish[ed] the defendant's understanding of … the range of

9

punishments to which he is subjecting himself by entering a plea[.]" ***Brown***, 293 Wis. 2d 594, ¶35. Cloyd argues that the circuit court failed in its duty under ***Bangert*** and § 971.08 because it presented an incorrect "range of punishments" when both the repeater penalty enhancer and second and subsequent drug offense penalty enhancer were both presented as applicable to counts one and four in case No. 2014CF4700 and count six in case No. 2014CF3251.

¶15 Although Cloyd argues we must interpret WIS. STAT. § 973.01(2)(c)2.c. to determine the proper imposition of penalty enhancers at the time of sentencing, we are not persuaded that this issue needs to be resolved in this case.[11] Even if we assume without deciding that Cloyd's arguments are correct we conclude that he would not be entitled to withdraw his plea because the facts of this case are controlled by ***Cross***, 326 Wis. 2d 492, ¶45. During the plea hearings in each case, the circuit court reviewed the charges Cloyd faced, the penalties in terms of imprisonment and fines, and the potential penalty enhancers which could apply based on the information in each case. Cloyd posits that he was presented by the court with a higher "range of punishment" than he could actually be sentenced upon. However, we conclude that under ***Cross***, the circuit court has

---

[11] Cloyd points out that WIS. STAT. § 973.01(2)(c)2.c. has not been interpreted by the appellate courts after the substantial amendment in 2001 Wis. Act 109; therefore, he argues the inapplicability of ***State v. Maxey***, 2003 WI App 94, 264 Wis. 2d 878, 663 N.W.2d 811, which allowed for the imposition of penalty enhancers for both WIS. STAT. § 939.62 and WIS. STAT. § 961.48 when each enhancer relied upon a different prior conviction. The prior version of § 973.01(2)(c) (1999-2000) did not address a hierarchy of penalty enhancers nor did it provide a disjunctive "or" in the imposition of certain enhancers. However, as the State argues, here, the repeater penalty enhancer was dismissed and the court did not impose additional time under a penalty enhancer in Cloyd's sentence. Because this court decides cases "on the narrowest possible ground," and we can resolve this case under the analysis for knowing, intelligent, and voluntary pleading, the question of the potential application of both enhancers "must await a case where that issue is squarely presented." *See* ***State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989).

"fulfilled its duty to inform the defendant of the range of punishments" because any difference was not substantial. *Id.*, 326 Wis. 2d 492, ¶4. Here, Cloyd argues that it was incorrect to state that both penalty enhancers could be applied to the same count. He contends he was incorrectly informed of eight years of potential imprisonment out of a total exposure of seventy years and six months, under the maximum sentences with both enhancers in case No. 2014CF4700[12] and four years of potential imprisonment out of a total exposure of forty-eight years and six months, under the maximum sentences with both enhancers in case No. 2014CF3251.[13] In other words, he argues his potential maximum term of imprisonment was overstated by twelve years—out of 119 years of potential maximum term of imprisonment in both cases combined.

¶16 In the scheme of Cloyd's maximum term of imprisonment, we conclude that 119 years of imprisonment is not substantially higher than the 107 years of imprisonment unquestionably allowed by law. Therefore, the circuit court has still fulfilled its duty under WIS. STAT. § 971.08 and *Bangert* "to inform the defendant of the range of punishments." *Cross*, 326 Wis. 2d 492, ¶4. The court's communication of a sentence that is "not substantially higher[] than that authorized by law … does not constitute a *Bangert* violation and will not, as a matter of law, be sufficient to show that the defendant was deprived of his

---

[12] We note that in case No. 2014CF4700, if only the six-year repeater enhancer per WIS. STAT. § 939.62(1)(c) were applied to each count one and four, then the maximum imprisonment would have been sixty-two years and six months, reflecting a subtraction of two applications of the four-year second or subsequent drug offense enhancer per WIS. STAT. § 961.48(1)(b).

[13] We note that in case No. 2014CF3251, if only one enhancer—either per WIS. STAT. § 939.62(1)(b) or WIS. STAT. 961.48(1)(b)—were applied, then the maximum imprisonment would have been approximately forty-four years and six months, reflecting a subtraction of four years for either the repeater enhancer or the second or subsequent drug charge enhancer on count six.

11

constitutional right to due process of law." ***Cross***, 326 Wis. 2d 492, ¶40. Therefore, we conclude that Cloyd "did understand the range of punishments and did not make a prima facie showing that the circuit court failed in its duties." ***Id.***, ¶41. Because this was the basis upon which Cloyd argued his pleas were not knowing, we conclude that Cloyd's guilty pleas were made knowingly, voluntarily, and intelligently. *See **id.***

¶17　Cloyd next argues that he received ineffective assistance of counsel because his attorney did not move the court to dismiss the penalty enhancers on the three counts at issue.[14] A defendant may satisfy his burden to show manifest injustice if plea withdrawal is not granted if the defendant can show he was "denied the effective assistance of counsel." ***State v. Bentley***, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). To demonstrate ineffective assistance of counsel, a defendant must satisfy the familiar two-prong test in ***Strickland v. Washington***, 466 U.S. 668 (1984). A "defendant must show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." ***Id.*** at 687.

¶18　First, Cloyd has not established prejudice. "[T]o satisfy the prejudice prong of the ***Strickland*** test, the defendant seeking to withdraw his or her plea must allege facts to show 'that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" ***Bentley***, 201 Wis. 2d at 312 (citation omitted). Cloyd has not

---

[14] Cloyd's allegations generally apply to the attorney who represented him in the plea and sentencing in case No. 2014CF4700 and in the plea hearing in case No. 2014CF3251, but he also alleges that the attorney who represented him when he moved to withdraw his pleas to the circuit court and at sentencing in case No. 2014CF3251 also was ineffective for failing to move to dismiss a penalty enhancer. Because we do not distinguish concerns about each attorney's representation, we refer to Cloyd's attorney in the singular for ease of reading.

given a reason he would have gone to trial or claimed with specificity what deficient or erroneous advice he received from his attorney. *See id.* at 314-15. Cloyd's allegations are conclusory and do not show that he would have insisted on going to trial in light of the favorable plea agreement that counsel obtained. Cloyd's counsel negotiated favorable plea agreements, under which Cloyd had his maximum potential sentencing reduced over twenty-five years in each case.[15] Cloyd's allegations are conclusory and do not show that he would have insisted on going to trial in light of the favorable plea agreement that counsel obtained.

¶19    Further, Cloyd has not sufficiently alleged deficient performance. Cloyd has not provided legal authority to support that counsel was deficient in failing to move to dismiss one of the penalty enhancers because he could not have been *charged* with both penalty enhancers as a matter of law. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered."). Cloyd acknowledges that WIS. STAT. § 973.01(2)(c)2.c. has not been interpreted by this court, and while he considers the statutory interpretation straightforward, we are not persuaded this is settled law. An attorney's failure to pursue an argument that "require[s] the resolution of unsettled legal questions generally does not render" the attorney's services as falling below an objective standard of reasonableness. *See State v. Lemberger*, 2017 WI 39, ¶18, 374 Wis. 2d 617, 893 N.W.2d 232 (citation omitted). Our supreme court has explained that "ineffective assistance of counsel

---

[15] For case No. 2014CF4700, with his plea agreement, Cloyd faced forty-five years of maximum imprisonment; without the plea agreement, for all six counts, Cloyd faced up to seventy years and six months of imprisonment. This is a reduction of twenty-five years and six months. For case No. 2014CF3251, with his plea agreement, Cloyd faced nineteen years and six months of maximum imprisonment; without the plea agreement, for all six counts, Cloyd faced up to forty-eight years and six months of imprisonment. This is a reduction of twenty-nine years.

cases should be limited to situations where the law or duty is clear such that reasonable counsel should know enough to raise the issue." *Id.*, ¶33 (citation omitted). Therefore, we conclude that Cloyd has failed to show that his attorney's conduct was deficient because the interpretation of this statute is not settled law. Ultimately, we conclude that Cloyd has failed to satisfy either prong of the *Strickland* test to show ineffective assistance of counsel.

¶20     Further, Cloyd fails to prove that the circuit court erroneously exercised its discretion when it denied his postconviction motion without a hearing. *See Bentley*, 201 Wis. 2d at 314. First, Cloyd has not set forth sufficient material facts to allow this court to meaningfully assess his claims. Second, Cloyd offered only conclusory allegations to support his claims that he would have gone to trial if he had been informed about the operation of these penalty enhancers. Third, he did not sufficiently plead his claim of ineffective assistance of counsel to demonstrate that he is entitled to relief. Therefore, the circuit court did not err when it denied his postconviction claims without a hearing.

¶21     Finally, we conclude that Cloyd has not shown that plea withdrawal is necessary to correct a manifest injustice. A manifest injustice occurs when there has been "a serious flaw in the fundamental integrity of the plea." *Cross*, 326 Wis. 2d 492, ¶42 (citation omitted). Cloyd's arguments on appeal—that the circuit court misstated the possible maximum term of imprisonment and that his attorney was ineffective for failing to move to dismiss one of the penalty enhancers—both arise out of Cloyd's claim of misunderstanding the precise maximum sentence he faced. *See id.* The plea agreements into which Cloyd entered were favorable to him, reducing his exposure by over twenty-five years in each case or over fifty years in both cases. He claims he would have gone to trial with the knowledge that both penalty enhancers would not apply, but he fails to

14

satisfy his burden to "provide a 'specific explanation of *why* [he] alleges he [or she] would have gone to trial....'" ***State v. Jeninga***, 2019 WI App 14, ¶14, 386 Wis. 2d 336, 925 N.W.2d 574 (citation omitted), *review denied*, 2019 WI 84, 388 Wis. 2d 650, 931 N.W.2d 532. Therefore, we conclude that Cloyd has failed to meet his burden to show a manifest injustice and we sustain the circuit court's exercise of discretion in denying Cloyd an evidentiary hearing or denying his motion to withdraw his pleas. *See **Cross***, 326 Wis. 2d 492, ¶¶44-45.

## CONCLUSION

¶22 We conclude that Cloyd has failed to show a manifest injustice if he is not allowed to withdraw his pleas, based on either the circuit court's duty to establish that he understood the range of punishments, or ineffective assistance of counsel. Further, Cloyd's allegations are conclusory, and do not allege sufficient material facts to entitle him to an evidentiary hearing on his claims. Therefore, we affirm his judgments of conviction and the denial of his postconviction motions.

*By the Court.*—Judgments and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.