STATE of Wisconsin, Plaintiff-Respondent,

v.

Patrick A. SAUNDERS, Defendant-Appellant.†

Court of Appeals

*No. 94–2233–CR. Submitted on briefs June 9, 1995.—Decided July 19, 1995.*

(Also reported in 538 N.W.2d 546.)

†Petition to review denied.

45

46

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert G. Bramscher* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

BROWN, J.   The trial court refused to allow the defendant, Patrick A. Saunders, to be present at his postconviction hearing alleging ineffective assistance of his trial counsel. Saunders claims error, but we note that Wisconsin case law requires Saunders to allege

47

substantial issues of fact as to events in which he participated before his presence is considered necessary. Since Saunders failed in this regard, his claim fails. The insufficiency of evidence assertion that he raises also fails. We affirm.

Saunders was found guilty by a jury of all five counts set forth in an information relating to him. He filed a postconviction motion alleging, inter alia, that trial counsel was ineffective in representing him at his trial. Concerning this claim, he alleged four grounds: (1) that trial counsel "[f]ailed to properly counsel the defendant regarding his testimony at trial;" (2) that trial counsel "[f]ailed to properly interview the defendant regarding his version of the facts of the case;" (3) that trial counsel "[f]ailed to call witnesses to testify at defendant's trial as requested by the defendant;" and (4) that trial counsel "[f]ailed to make sufficient objections to the introduction of evidence and testimony to preserve the objections."

Upon receipt of the motion, the trial court informed Saunders's appellate counsel in writing that Saunders had ten days to file a "more specific statement of errors" by trial counsel or the trial court would not authorize the transport from prison to the court for an evidentiary hearing. In response, Saunders filed an amended motion attempting to broaden his allegations, but alleged no factual support for the allegations contained in his original motion. A hearing was held without Saunders being present. Saunders's counsel appeared and confined his argument to a request for the presence of the defendant at the hearing. In denying the request, the trial court ruled that both the original and amended motions only contained conclusory allegations. Appellate counsel advised the court that he was not prepared to proceed without the

defendant. Appellate counsel did not elaborate on the allegations or in any other manner present facts establishing the necessity for Saunders's presence. Appellate counsel did not provide trial counsel for questioning. The trial court denied the postconviction motions. Appellate counsel's main issue on appeal relates to the nonappearance of his client and the trial court's refusal to authorize the transport of Saunders from prison to the court for an evidentiary hearing.

In *State v. Vennemann,* 180 Wis. 2d 81, 86, 93, 508 N.W.2d 404, 406, 409 (1993), our supreme court held that there was no statutory right to presence by a defendant at a postconviction evidentiary hearing. The *Vennemann* court articulated a test to determine whether a defendant should be physically produced for a postconviction evidentiary hearing. *Id.* at 94-95, 508 N.W.2d at 409-10. First, upon the filing of the motion to produce a defendant for a postconviction hearing, the trial court must review the motion papers to determine whether there are substantial issues of fact as to events in which the defendant participated. *Id.* at 94-95, 508 N.W.2d at 410. Second, the trial court must then ascertain that those issues are supported by more than mere allegations. *Id.* at 95, 508 N.W.2d at 410. The trial court must order the defendant physically produced for a hearing *only* if both prongs of the test are satisfied. *Id.*

Court of appeals opinions are consistent with the holding in *Vennemann.* In *State v. Washington,* 176 Wis. 2d 205, 214-16, 500 N.W.2d 331, 335-36 (Ct. App. 1993), a case asserting "manifest injustice" due to the ineffective assistance of counsel, we held that conclusory allegations unsupported by any factual assertions were legally insufficient. Among the asser-

49

tions raised by the defendant, Washington, were that his attorney "failed to keep him fully apprised of the events," "failed to completely review all of the necessary discovery material" and "failed to completely and fully investigate any and all matters." *Id.* at 212, 500 N.W.2d at 334. We held that these were conclusory in nature and were not the type of allegations that raised a question of fact. *Id.* at 215-16, 500 N.W.2d at 336.

Again, in *State v. Toliver,* 187 Wis. 2d 346, 361, 523 N.W.2d 113, 118 (Ct. App. 1994), the defendant alleged that trial counsel failed to object to a breach of a plea bargain at the time of sentencing. We held that there were no factual allegations supporting this assertion and, therefore, the trial court was not required to hold an evidentiary hearing on Toliver's claim of ineffective assistance of trial counsel. *Id.* at 360-61, 523 N.W.2d at 118.

Saunders does not attempt to distinguish these cases. Indeed, he cannot, since the allegations rejected as conclusory by the *Washington* and *Toliver* courts are substantially the same in kind and manner as the allegations made by Saunders in this case. Instead, he launches a line of reasoning that appears to be an attempt to call the decisions in *Washington* and *Toliver* into question. He claims that in order to pass muster sufficient to garner his participation at a hearing, he need not allege those historical facts which, if true, would entitle him to relief. To do so, he argues, is to quibble about "specific facts" when all that is needed is a short recitation of "general facts."

He argues that when he alleged a failure by his trial counsel to adequately consult with him to obtain his version of the offense, he was alleging a fact—albeit a general one. He contends that the allegation is specific enough to raise a question of fact and that a

hearing is necessary in order to determine the truth of the allegation. Likewise, Saunders claims that when he alleged how certain witnesses needed to be interviewed who were not interviewed, he was alleging enough information to join an issue of fact.

Saunders especially takes exception to the argument by the State that there must be factual allegations to support the dual-pronged ineffective assistance of counsel standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Those prongs require a defendant to prove that the attorney was deficient in representation and that the deficiency prejudiced the defendant. *Id.* Saunders claims that the State confuses the ultimate standard to determine ineffective assistance of counsel with those facts which must be shown to establish the need for an evidentiary hearing.

Saunders's logic is faulty, however, and it begins with his premise. The issue is not whether specific factual assertions or general factual assertions may suffice. Rather, the issue is whether Saunders has alleged information which is "factual-objective" as opposed to "opinion-subjective." *See generally* Jeanne L. Schroeder, *Subject: Object*, 47 U. MIAMI L. REV. 1, 40 (1992) ("Factual objectivity refers to *facts* in the sense of what is *really* true, while opinion subjectivity refers to mere 'opinion' or personal taste").

For example, when Saunders alleged that trial counsel failed to properly counsel defendant, that is Saunders's opinion; it is not fact. The allegation does not contain any information from which an impartial magistrate could determine "how" counsel failed to do his job or what it was that he did or did not do. Nor does Saunders explain how he was prejudiced by whatever

it was that his trial counsel was supposed to have done. In sum, there is no historical basis alleged—there is nothing from which the trial court could have gained a sense of "what is really true."

Similarly, when Saunders alleged that his trial counsel failed to properly interview him about his version, that is *his* opinion; it is not a fact from which a person could discern what *really* happened. The allegation did not inform the trial court about what Saunders's trial attorney said or did not say which would render the interview "improper." As well, while Saunders alleged that his trial counsel failed to call witnesses as requested by defendant, he did not allege which witnesses should have been called, how these witnesses would have related to Saunders's theory of the case, and how he was prejudiced by counsel's failure to call the witnesses. Finally, when Saunders alleged that counsel failed to make specific objections, that allegation gave the trial court absolutely no clue about what objections Saunders was referring to and how the failure to make these objections harmed his case so as to satisfy the second *Strickland* prong. *See Strickland*, 466 U.S. at 687.

■

We conclude that Saunders is wrong when he argues that cryptic allegations will suffice to render his presence necessary at his postconviction motion. More is needed. We uphold our opinions in *Washington* and *Toliver* and conclude that the allegations rejected as conclusory in those cases are factually similar to those made in this case.

The remaining issue is the sufficiency of evidence relating to the two convictions concerning armed burglary. The evidence is that Saunders was apprehended in a gray Ford Bronco. He was the only person seen in

the vehicle at the time of his apprehension. The Bronco had a license plate number matching the number observed by one of the burglary victims, made when she returned to her home and saw a vehicle parked in her driveway. Although she first identified the vehicle as a gray truck, she later identified a photograph of the Bronco as the gray truck she observed. Another witness also identified a gray Ford Bronco at the site of the other burglary at a different residence. This Bronco had recently been reported as stolen from a location only a few blocks from Saunders's residence. The jury could infer a consciousness of guilt by the attempt of the defendant to flee at the time of the apprehension. Also, found in his possession was a double-edged fighting knife concealed in his pants underneath a jacket.

Saunders attacks the credibility of the witnesses by pointing out some contradictions or inconsistencies in their testimony. For example, he alleges, without citation to the record, that he actually lived about fifteen blocks from the residence where the Bronco was stolen. He argues that identifying the Bronco as a truck in the first instance is significant and further argues that the perpetrator was supposed to have been wearing boots, but he was wearing tennis shoes. He also believes that there is significance in the fact that the officer reported to have a clear view of the Bronco's inside when in fact the windows were tinted, and that one officer said there was no back seat when there was a back seat.

These contentions, and other complaints of the same genre that we will not iterate here, are meritless. As the State points out, while several facts may be contradictory, the jury is free to reject that testimony and still believe that part of the testimony which is not

contradictory. *See State v. Daniels,* 117 Wis. 2d 9, 17, 343 N.W.2d 411, 415 (Ct. App. 1983). Where there are inconsistencies in the testimony of a witness or between witnesses, the jury may choose to disbelieve either version or make a choice of one version rather than another. *Wirsing v. Krzeminski,* 61 Wis. 2d 513, 525, 213 N.W.2d 37, 43 (1973). Only when the evidence is inherently or patently incredible will we substitute our judgment for that of the factfinder. *Gauthier v. State,* 28 Wis. 2d 412, 416, 137 N.W.2d 101, 104 (1965), *cert. denied,* 383 U.S. 916 (1966). We hold that the evidence is not inherently incredible and uphold the two armed burglary convictions along with the others.

*By the Court.*—Judgment and order affirmed.