FITZPATRICK, J.
*339 ¶1 Simon Jeninga appeals a judgment of conviction and an order denying postconviction relief entered by the Walworth County Circuit Court. Jeninga was convicted of one count of second-degree sexual assault of a child and one count of possession of child pornography pursuant to his guilty pleas to those charges. Jeninga filed a postconviction motion to withdraw his plea, alleging that his trial counsel was constitutionally ineffective for not filing a motion to suppress evidence that was found on his cell phone. Following a Machner[1] hearing, the court denied Jeninga's postconviction motion. We affirm based on our conclusion that Jeninga has not adequately supported his allegation that, absent trial counsel's ineffective assistance, he would not have entered any plea and, instead, would have gone to trial.
*340 BACKGROUND
¶2 The following undisputed facts are gleaned from the record. We discuss only those facts necessary to place in context Jeninga's argument that he would not have entered any plea and, instead, would have gone to trial had the evidence from his cell phone been suppressed.[2]
¶3 As part of an investigation into an alleged sexual assault of a child by Jeninga, police seized Jeninga's cell phone and obtained a search warrant to search its contents. Forensic analysis of Jeninga's cell phone revealed evidence of child pornography.
¶4 Jeninga was charged with one count of repeated sexual assault of a child and ten counts of possession of child pornography. The State moved to join the two cases. Jeninga's trial counsel filed an opposition *576 to the joinder. The circuit court granted the State's motion. Jeninga's trial counsel did not file a motion to suppress the evidence of child pornography obtained from Jeninga's cell phone.
¶5 Jeninga and the State negotiated a plea agreement, pursuant to which Jeninga pled guilty to an amended charge of second-degree sexual assault of a child under the age of sixteen and one count of possession of child pornography. The nine other counts of possession of child pornography were dismissed but read in to the record for sentencing purposes. The State agreed to recommended sentences for the two counts that would result in a total of ten years of initial confinement followed by ten years of extended supervision. The defense remained free to argue for any *341 sentence. The circuit court accepted Jeninga's pleas and followed the State's recommendation, sentencing Jeninga to ten years of initial confinement followed by ten years of extended supervision on the second-degree sexual assault count, and a concurrent term of three years of initial confinement followed by three years of extended supervision on the child pornography count.
¶6 Jeninga filed a motion for postconviction relief contending that his trial counsel was constitutionally ineffective for failing to file a motion to suppress the evidence found on Jeninga's phone. The postconviction motion alleged that, had trial counsel filed a motion to suppress and had the evidence been excluded, Jeninga would not have entered any plea but, instead, would have gone to trial. In the motion, Jeninga's postconviction counsel stated that, at a Machner hearing, Jeninga "will testify" that, had a suppression motion been filed and the evidence suppressed, "he would not have entered any plea" and would have gone to trial. Jeninga did not submit an affidavit in support of his postconviction motion.
¶7 The circuit court granted Jeninga's request for a Machner hearing, at which his trial counsel gave the following pertinent testimony:
Q: Would you agree that the joinder [of the sexual assault and child pornography cases] weakened Mr. Jeninga's chances of success on the sexual assault charge?
A: Yes, which is why I fought the joinder motion.
Q: And did the joinder decision affect Mr. Jeninga's decision on whether to go to trial or to take pleas?
A: I believe it did.
Q: And did it affect your advice as to that issue?
*342 A: Well, it certainly changed my advice, yes.
Q: And how -- in what way did it change your advice?
A: I believe that on the sexual assault case, he had a very strong case for trial. I believe that the State was going to have issues trying to show intent and not his conduct that he claimed he engaged in was of a sexual nature. So I believe there was going to be significant issues there.
I had also reviewed the child interview that was conducted at the [child advocacy center], and I believe that there were -- that that testimony as well as my potential cross of that child victim would have been enough to discredit that child as well. So I believe that he had a very strong case for trial should that case have been tried separately.
But once the Court ruled that joinder was appropriate with the child pornography case and the images that the Court was going to allow to be published to the jury, I believe that that changed that case dramatically.
(Emphasis added.) Jeninga did not testify at the Machner hearing.
*577 ¶8 The deadline for the circuit court to decide Jeninga's postconviction motion passed without a decision or a request for an extension by either party. Accordingly, Jeninga's postconviction motion was denied by operation of law pursuant to WIS. STAT. RULE 809.30(2)(i) (2017-18).[3]
¶9 Jeninga appeals.
*343 DISCUSSION
¶10 On appeal, Jeninga argues that he is entitled to withdraw his pleas because trial counsel rendered ineffective assistance by failing to file a motion to suppress the evidence of child pornography found on his phone and that, if such a motion had been successful, he would not have entered a plea to any charge.[4] As we explain below, we conclude that Jeninga has failed to establish a reasonable probability that he was prejudiced by the failure of trial counsel to move to suppress evidence because he did not present objective factual assertions about his subjective decision to enter into a plea agreement, including any effects that successful evidence suppression might have had on his decision to enter into the agreement.
I. Plea Withdrawal, Ineffective Assistance, and Standards of Review.
¶11 "To withdraw a guilty plea after sentencing, a defendant must show by clear and convincing evidence that a refusal to allow withdrawal of the plea would result in manifest injustice...." State v. Dillard , 2014 WI 123, ¶¶36, 83, 358 Wis.2d 543, 859 N.W.2d 44. A defendant can establish manifest injustice by proving that he or she received ineffective assistance of counsel. Id. , ¶84. To demonstrate that there was constitutionally ineffective assistance, a defendant has the *344 burden to prove both: (1) that counsel's performance was deficient; and (2) that the deficiency was prejudicial. Id. , ¶85 ; Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If it is determined that there was an insufficient showing on one of those two prongs, a court need not examine the other. Strickland , 466 U.S. at 697, 104 S.Ct. 2052. We resolve this appeal based on the prejudice prong.
¶12 To prove prejudice, a defendant must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Dillard , 358 Wis.2d 543, ¶95, 859 N.W.2d 44 (quoting Strickland , 466 U.S. at 694, 104 S.Ct. 2052 ). In the context of plea withdrawal, a defendant must establish a reasonable probability that he or she would not have pled and would have gone to trial but for counsel's ineffective performance. Id. , ¶96.
¶13 An ineffective assistance of counsel claim presents a question of constitutional fact. Id. , ¶86. We uphold the circuit court's findings of fact unless those are clearly erroneous.[5] Id. We review de novo whether those facts establish constitutionally *578 deficient performance and whether the deficiency led to prejudice. Id. ; see also State v. Thiel , 2003 WI 111, ¶24, 264 Wis.2d 571, 665 N.W.2d 305. Further, we determine independently whether, under the totality of the circumstances, there is a reasonable probability that the *345 defendant would not have pled and, instead, would have gone to trial but for counsel's ineffective performance. See Dillard , 358 Wis.2d 543, ¶99, 859 N.W.2d 44.
II. Objective Factual Assertions Are Required.
¶14 Our supreme court has held that, in order to obtain an evidentiary hearing on a motion to withdraw a plea because of ineffective assistance of counsel, a defendant must make more than a conclusory allegation that he or she would not have pled but would have gone to trial. See id. ; see also State v. Bentley , 201 Wis.2d 303, 313, 548 N.W.2d 50 (1996). Rather, that allegation "must be supported by objective factual assertions ." Bentley , 201 Wis.2d at 313, 548 N.W.2d 50 (emphasis added) (citing State v. Saunders , 196 Wis.2d 45, 51, 538 N.W.2d 546 (Ct. App. 1995) (explaining that a defendant alleging ineffective assistance must make "factual-objective" assertions rather than "opinion-subjective" assertions)). The court in Saunders also noted:
The issue is not whether specific factual assertions or general factual assertions may suffice. Rather, the issue is whether Saunders has alleged information which is "factual-objective" as opposed to "opinion-subjective." ... "Factual objectivity refers to facts in the sense of what is really true, while opinion subjectivity refers to mere 'opinion' or personal taste."
Saunders , 196 Wis.2d at 51, 538 N.W.2d 546 (quoting Jeanne L. Schroeder, Subject: Object , 47 U. MIAMI L. REV . 1, 40 (1992) ). The supporting facts must "allow the reviewing *346 court to meaningfully assess [the defendant's] claim." Bentley , 201 Wis.2d at 314, 548 N.W.2d 50. Furthermore, the defendant must provide a "specific explanation of why the defendant alleges he [or she] would have gone to trial...." Id. (quoting Santos v. Kolb , 880 F.2d 941, 943 (7th Cir. 1989) and referring to Santos as "instructive"); see also id. at 313 n.7 (collecting federal cases in which defendant's bare allegations were insufficient).
¶15 These are the requirements to obtain an evidentiary hearing to withdraw a plea based on an allegation that a defendant would not have pled and would have gone to trial. Here, there was an evidentiary hearing. It follows that those same standards, at a minimum, apply to the results of an evidentiary hearing in determining whether a defendant has made a sufficient showing that, except for counsel's deficient performance, he or she would not have pled and would have proceeded to trial.
¶16 We now apply these principles to the facts of this case.
III. Jeninga Did Not Adequately Support His Allegation That He Would Not Have Pled.
¶17 We conclude that Jeninga has not established that he would not have made the decision to enter pleas to any charges and, instead, would have gone to trial. Jeninga has failed to meet his burden because the only factual basis offered in support of his allegation about his subjective choice to enter the plea agreement is the limited testimony of his trial counsel as to her subjective opinion, merely suggesting what she believed Jeninga was thinking. Further, turning to the post hoc reasoning of Jeninga's postconviction counsel as to what he should have done, this does not qualify as an objective factual basis at all, and amounts to a bare, conclusory *347 allegation. In other words, Jeninga has not *579 provided objective facts in support of his contention, nor has Jeninga provided his explanation as to why he would not have pled.
¶18 At bottom, Jeninga asks us to assume, based on the general circumstances, that he would not have pled to any charge and, instead, would have gone to trial, based solely on trial counsel's testimony regarding her beliefs, merely suggesting what his state of mind and thinking might have been. Although Jeninga's postconviction motion alleged that he would not have pled, Jeninga provided no objective facts that evidenced his thinking and reasoning. Simply put, there is no record evidence that demonstrates from Jeninga himself that he would not have pled and instead would have gone to trial. Therefore, we conclude that Jeninga did not satisfy Strickland 's prejudice component.
¶19 Jeninga makes three arguments in an apparent attempt to circumvent the lack of evidence as to his own thinking and reasoning concerning whether to enter a plea. We now consider and explain why we reject each argument.
¶20 Jeninga asserts first that, had he testified or submitted an affidavit, the State would have challenged the testimony or affidavit as self-serving. That contention fails for at least the reason that it neglects the burden of proof placed on Jeninga. While it is true that the State would have been free to try to convince the circuit court, in making a credibility determination, that Jeninga's testimony was not credible, that does not change the fact that it was Jeninga's burden to establish that he would not have pled and would have gone to trial. And, while the State may have challenged his testimony, it was for the circuit court to assess his credibility. For those reasons, Jeninga's argument goes nowhere.
*348 ¶21 Second, Jeninga contends that trial counsel's testimony alone establishes prejudice. This contention fails for reasons we have already explained. It ignores the requirement that Jeninga was obligated to provide the circuit court with objective facts to support his allegation regarding his subjective decision-making about entering the plea agreement. Without such evidence, the circuit court was left with an insufficient basis to meaningfully assess Jeninga's claim. As we have explained, the record is limited to trial counsel's Machner hearing testimony, indicating that she "believe[d]" the joinder of the two cases should have affected Jeninga's decision. Had Jeninga testified that he would not have pled and explained why, trial counsel's testimony might have supported Jeninga's statements, as in Dillard, 358 Wis.2d 543, ¶102, 859 N.W.2d 44 ("Trial counsel's testimony and written communications with the defendant were consistent with the defendant's account of the defendant's state of mind and the events leading up to the plea agreement.") (emphasis added). But, standing alone, trial counsel's testimony as to her belief that joinder should have affected Jeninga's decision is "opinion-subjective" rather than "factual-objective" on the topic of Jeninga's pertinent thinking because it is trial counsel's subjective opinion and cannot by itself establish what Jeninga was in fact thinking. See Saunders , 196 Wis.2d at 51, 538 N.W.2d 546.
¶22 Trial counsel's testimony regarding her advice to Jeninga was "factual-objective" only in the sense that it established what she told Jeninga. That evidence could not serve as a substitute for Jeninga's own thinking and explanation of why he would not have pled and instead would have gone to trial. Even less probative is postconviction counsel's stated reasoning that Jeninga would not have pled and instead *349 would have gone to trial. This is merely argument, presenting only postconviction counsel's contention as to what Jeninga would *580 have done (or should now do), and not Jeninga's beliefs.
¶23 Third, Jeninga apparently intends to argue that the only possibility, given the undisputed circumstances, is that he would have gone to trial if a suppression motion had been successfully pursued. However, the facts in the record do not clearly establish that the only rational act by Jeninga would have been to go to trial, even without the pornography evidence to be concerned with. For example, the plea agreement was in some respects quite favorable to Jeninga. Under the terms of the plea agreement that Jeninga and the circuit court accepted, the original charge of repeated sexual assault was reduced to second-degree sexual assault, which resulted in a 20-year difference in penalty exposure on that charge. See WIS. STAT . § 948.025(1)(d) (class B felony); WIS. STAT . § 948.02(2) (class C felony); WIS. STAT . § 939.50(3)(b) (60-year maximum for class B felony), (c) (40-year maximum for class C felony). In addition, the State agreed to cap its sentencing recommendation at ten years of initial confinement followed by ten years of extended supervision.
¶24 In sum, we conclude that Jeninga failed to meet his burden to establish that he would not have pled to any charge and would have gone to trial, and that failure of proof is dispositive in this appeal.
CONCLUSION
¶25 For the foregoing reasons, the judgment of conviction and the order of the circuit court denying Jeninga's post-conviction motion are affirmed.
By the Court. -Judgment and Order affirmed.

State v. Machner , 92 Wis.2d 797, 285 N.W.2d 905 (Ct. App. 1979).

Because we resolve this appeal on other grounds, we do not address the merits of the suppression issues raised by the parties.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Jeninga does not assert that, because of trial counsel's allegedly ineffective assistance, his plea was not entered knowingly, intelligently, and voluntarily, and we do not address that issue. See generally State v. Dillard , 2014 WI 123, ¶¶34-70, 358 Wis.2d 543, 859 N.W.2d 44.

Because Jeninga's postconviction motion was denied by operation of law, the circuit court did not make findings of fact in this case. Nevertheless, the material facts in this case are undisputed, and the only issue that we decide presents a question of law.