COURT OF APPEALS
DECISION
DATED AND FILED

July 26, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP337**

STATE OF WISCONSIN

Cir. Ct. No. 1995CF47

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

FRADARIO L. BRIM,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Racine County: JON E. FREDRICKSON, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Fradario L. Brim appeals from an order denying his WIS. STAT. § 974.06 (2021-22)[1] motion to withdraw his guilty pleas and vacate his conviction based on newly discovered evidence, the denial of his right to effective assistance of trial counsel, and because the evidence underlying his conviction was insufficient.  He also argues he is entitled to discretionary reversal in the interest of justice based on the previous arguments as well as because the § 974.06 judge was biased against him.  We affirm.

¶2      In 1995, a criminal complaint alleged that Brim shot at three young boys—Sam, Keith, and Ronald.[2]  When officers responded, they observed Brim discharging a handgun, chased him, and took him into custody.  Sam identified Brim as the shooter.  When Brim saw Sam at the police station, he told officers "if I find him he's gonna get got" and advised officers to put Sam into protective custody.  Brim ultimately pled guilty to two counts of first-degree recklessly endangering safety while armed and was sentenced.

¶3      In 2020, almost twenty-five years later, Brim claimed innocence and moved to withdraw his guilty pleas under WIS. STAT. § 974.06 or in the interest of justice.  Brim asserted that he was entitled to plea withdrawal based on newly discovered evidence and his counsel's ineffectiveness.  Specifically, Brim presented an affidavit from Keith, who averred that Sam lied to police about Brim shooting at them and, in fact, no one shot at them.  Brim argued trial counsel was ineffective for failing to investigate.  After an evidentiary hearing, the circuit court

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4), we use pseudonyms when referring to the victims in this case ("Sam," "Keith," and "Ronald").

denied Brim's plea withdrawal motion, rejecting his newly discovered evidence and his ineffective assistance of counsel allegations. Brim appeals.

¶4 A defendant who seeks to withdraw a guilty plea after sentencing "carries the heavy burden of establishing, by clear and convincing evidence, that withdrawal of the plea is necessary to correct a manifest injustice." *State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d 707 (1997). Plea withdrawal is committed to the circuit court's discretion. *Id.*

¶5 In order to warrant plea withdrawal on the basis of newly discovered evidence, a defendant must show by clear and convincing evidence that:

> (1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative. If the defendant proves these four criteria by clear and convincing evidence, the circuit court must determine whether a reasonable probability exists that a different result would be reached in a trial.

*Id.*

¶6 Here, the circuit court held, in part, that Brim failed "to show, by clear and convincing evidence, that he was not negligent in seeking out" the newly discovered evidence. In making that determination, the court observed that the record was "devoid of any reason [why] Brim waited nearly 25 years to seek out [Sam] and [Keith] for potential recantations."

¶7 We agree. Although Brim attributes the delay to trial counsel's failure to adequately investigate his case, Brim has not accounted for his negligence in failing to investigate his claims during the last twenty-five years. He offers no explanation for his own failure to raise concerns about Sam's version of

events, which he characterized as "highly incredible." Additionally, Brim does not explain whether he asked his postconviction counsel, who was appointed in 1996 and filed a motion for sentence credit on Brim's behalf, to explore this issue. Brim also fails to explain why he did not ask his other counsel, who represented him at a 1998 probation revocation hearing, to investigate his concerns about Sam's credibility. Without more, we agree with the circuit court that Brim failed to meet his burden of showing by clear and convincing evidence that he was not negligent in failing to pursue this "new" evidence. Brim's failure to demonstrate that he was not negligent is fatal to his newly discovered evidence claim. We conclude the circuit court did not err by denying plea withdrawal on this basis.

¶8      Brim next argues he should be permitted to withdraw his guilty pleas because trial counsel was ineffective. Plea withdrawal may be warranted if the defendant received ineffective assistance of counsel. *State v. Dillard*, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44. To prove ineffective assistance of counsel, Brim must show that his trial counsel's performance was deficient, and that he was prejudiced by the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the defendant must show that trial counsel's representation fell below an objective standard of reasonableness. *See id.* at 688.

¶9      Brim asserts trial counsel was ineffective for failing to properly investigate the complaining victims. Brim also faults trial counsel for not investigating his purported alibi witnesses and for not adequately communicating with him.

¶10    The circuit court concluded Brim had not established counsel's performance was deficient.[3]   The court rejected Brim's claim that trial counsel never investigated the complaining witnesses.   The court relied on the investigating detective's testimony that he interviewed Keith the night of the shooting and Keith, like Sam, told the detective that Brim shot at him.  The court found there was no evidence that trial counsel was unaware of this interview.  The court also found Brim provided no evidence corroborating his assertions that trial counsel did not investigate his alibi witnesses.  Brim's purported alibi witnesses did not testify at the hearing and, given the fact that Brim was chased down and arrested by officers in the same location as the shooting and was observed firing the same gun described by Sam, the court was uncertain what testimony any alibi witness would have offered.  As to trial counsel's performance in general, the court found that:

> [Trial counsel] demonstrated strong knowledge that the heart of the case was a credibility battle between the boys' varying recollections of who was in the alley and whether they were shot at.  Brim testified that [trial counsel] counseled him on … how being found by police shooting the small silver pistol, and the subsequent police station threats against police [and] against 12 year old [Sam], would be received at trial.  [Trial counsel] advised Brim that with these facts, he didn't have much to work with. [Trial counsel] filed appropriate motion work on Brim's behalf.  He moved to suppress [Sam's] identification of Brim.  He moved to dismiss the case because of the inconsistent stories.  He filed an alibi, and he had multiple tactical litigation defense discussions with Brim prior to the pleas, which Brim has acknowledged.

---

[3]  Brim's trial counsel was unavailable to testify at the evidentiary hearing because he has dementia.  *See* ***State v. Lukasik***, 115 Wis. 2d 134, 140 (Ct. App. 1983) (holding that if trial counsel is dead, insane, or unavailable, allegations of ineffectiveness must be corroborated, and the defendant cannot rebut the presumption of effectiveness with his own testimony).

> The evidence against Brim was strong in 1995, despite the conflicting stories of [Sam] and [Ronald]. Brim had no viable defense to the Felony D threat to intimidate witnesses, one of which was a 12 year old boy, and the Misdemeanor A possession of a weapon by a minor which the police were witness to. Despite the evidence against Brim, [trial counsel] still negotiated a plea deal that was so good that the Judge commended [trial counsel] on his negotiating skill. Despite Brim's belief in his innocence on the Felony D recklessly endangering safety counts, both Brim, and his family, thought the plea deal sounded good. The plea colloquy was detailed and thorough, and there was no indication Brim did not understand what he was doing at the time. Brim's guilty plea was knowingly, voluntarily, and intelligently made.

¶11     Here, given the factual findings and credibility determinations made by the circuit court in rendering its decision, we agree that Brim has not established trial counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688; *see also State v. Jeninga*, 2019 WI App 14, ¶13, 386 Wis. 2d 336, 925 N.W.2d 574 (explaining that unless clearly erroneous, we uphold the circuit court's factual findings, and we independently review whether those facts establish deficient performance). We therefore conclude trial counsel was not ineffective. *See id.*, ¶11 (requiring a defendant to demonstrate both deficient performance and prejudice to prove ineffective assistance).

¶12     Brim then argues he should be permitted to withdraw his guilty pleas because the evidence supporting his conviction is insufficient. However, the guilty-plea-waiver rule forecloses Brim's challenge to the sufficiency of the evidence that supported his conviction. *See State v. Kelty*, 2006 WI 101, ¶18, 294 Wis. 2d 62, 716 N.W.2d 886 (noting that under the guilty-plea-waiver rule, "a guilty … plea 'waives all nonjurisdictional defects, including constitutional claims[.]'" (citation omitted)). Here, Brim executed a guilty plea waiver form,

affirmatively stating, "I will be giving up my right to make the State prove me guilty by evidence beyond a reasonable doubt on each and every element of this offense." Brim also did not object to the circuit court's use of the complaint to find "that a factual basis exists for accepting my plea of guilty/no contest." The complaint's allegations in turn contained Sam's description of Brim discharging a firearm at Sam and Keith. Brim's unqualified admission of guilt established a factual basis for Brim's pleas and prevents Brim from now challenging the sufficiency of the evidence. *See id.*

¶13    Finally, Brim argues he is entitled to discretionary reversal in the interests of justice based on his claims of newly discovered evidence, ineffective assistance of counsel, and insufficient evidence. He also argues he is entitled to discretionary reversal in the interest of justice because the WIS. STAT. § 974.06 judge was biased against him.

¶14    Under WIS. STAT. § 752.35, this court may order a new trial "if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried." We conclude Brim failed to establish that this is an "exceptional case[]" warranting discretionary reversal. *See **State v. Schutte***, 2006 WI App 135, ¶62, 295 Wis. 2d 256, 720 N.W.2d 469 ("We exercise our authority to reverse in the interest of justice under … § 752.35 sparingly and only in the most exceptional cases."). Brim's arguments regarding newly discovered evidence, ineffective assistance of counsel, and insufficient evidence merely rehash arguments that we have already rejected. *See **State v. Ferguson***, 2014 WI App 48, ¶33, 354 Wis. 2d 253, 847 N.W.2d 900 (denying interest-of-justice claims that rehash arguments that failed on other grounds).

¶15     As to his judicial bias claim, when "analyzing a judicial-bias claim, we start with the 'presumption that the judge is free of bias and prejudice.'" *State v. Pirtle*, 2011 WI App 89, ¶34, 334 Wis. 2d 211, 799 N.W.2d 492 (citation omitted).  The defendant has the burden to prove the court was biased. *Id.*

¶16     Brim argues the WIS. STAT. § 974.06 judge was biased because he initially denied Brim's motion without a hearing, but after learning Brim had been produced for a hearing, decided to go forward with an evidentiary hearing and ultimately issued a written decision that "did not substantially differ" from the one it issued before the evidentiary hearing.  Brim also argues the judge was biased because, during the evidentiary hearing, the judge made several evidentiary rulings against Brim, including disallowing Brim from presenting corroborating evidence through the investigating detective and expert testimony from a law professor.

¶17     We conclude Brim has not overcome the presumption that the judge acted impartially and without bias.  First, the judge's decision to deny and then grant Brim an evidentiary hearing does not show bias.  Additionally, comparing the judge's twelve-page retracted dismissal order with his thirty-four page final order belies Brim's contention that the decisions "did not substantially differ." The circuit court's final decision reflects that the court considered the evidence from the hearing and made credibility determinations.  As to Brim's adverse-evidentiary-rulings claim, we will assume without deciding that these evidentiary rulings were erroneous.  However, erroneous evidentiary rulings do not, by themselves, establish judicial bias.  We see no reason to exercise our discretionary reversal authority.  *See* WIS. STAT. § 752.35.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.